## CARTER AND CARTER v. PENN.

1. A writing with a scroll in which is written the word " seal," at the end of the name of the party signing it, is not a sealed instrument; unless it appears from its body that the parties intended to give to it that character.
2. A promissory note to pay a sum in " current money of the State of Alabama," is, in legal effect, an undertaking to pay in gold or silver coin.

WRIT of Error to the Circuit Court of Talladega.

The defendant in error declared against the plaintiffs in *assumpsit* on a promissory note made by them on the 26th March, 1840, for the payment of the sum of eight hundred and fifty-three 47-100, current money of the State of Alabama, to him, one day after date. It is averred that the money in which the note is payable is of the value of the sum expressed in the note.

The defendant pleaded several pleas, and on the trial he demurred to the evidence. From the demurrer it appears that the plaintiffs adduced a note in these words, viz :

" One day after date, we or either of us oblige ourselves, our heirs, &c. to pay, or cause to be paid, unto Thomas Penn, his heirs or assigns, the just and full sum of eight hundred and fifty-three dollars and forty-seven cents, current money of the State of Alabama, it being for value received, this 26th day of March, 1840.                    JOHN W. CARTER, [seal.]
                                        HENRY CARTER, [seal.] "

It was also proved that payment of the note was demanded of the makers before suit brought. On this evidence the Circuit Court rendered a judgment in favor of the plaintiff for the amount of the note and interest.

CHILTON, for the plaintiff in error.
MOODY, for the defendant.

COLLIER, C. J.—The questions raised by the demurrer to the evidence are—1. Was not the writing produced at the trial a

sealed instrument? 2. Was the plaintiff entitled to recover the full amount of the sum expressed on its face, without reference to the value of Alabama currency?

1. By the act of the 2d February, 1839, it is enacted, "That all covenants, conveyances, and all contracts in writing, which import on their face to be made under seal, shall be taken, deemed and held to be sealed instruments, and shall have the same effect as if the seal of the party or parties were affixed thereto, whether there be a scroll to the name of such party or parties or not."

Previous to the passage of this act, it was necessary, in order to constitute a sealed instrument, not only that it should appear from the body of the writing that the parties intended thus to characterize it, but it was also necessary to accompany its execution with a scroll, or some other indicium of a seal. [Lee v. Adkins, Minor's Rep. 187.] The only change in the law proposed to be effected by the statute, was to dispense with a scroll or its equivalent, and to make the recognition of the parties in the body of the paper that it was sealed, impart to it the dignity of a deed.

2. The note does not stipulate for the payment of a debt in Bank bills, but is an undertaking to pay "current money of the State of Alabama." It is true that an infinite variety of commodities have been used as money in different periods and countries, [2 McC. Com. Dic. 193,] and in common parlance all these different representations of the common standard of value, have been designated as money. But the notes of the Banks which are not redeemable in coin, on demand, cannot, with any propriety be regarded as such; in fact the best Bank paper, passes as money by consent only, and it cannot be otherwise so long as the inhibition of the Federal Constitution upon the rights of the States to dispense with gold and silver as the only lawful tender continues in force.

It results from this view, that the judgment of the Circuit Court is affirmed.