## FARR & SIMPSON v. THE STATE.

1. Where recognizors are bound in several sums in one recognizance, and several judgments are rendered against them, they cannot join in the prosecution of a writ of error; but where a joint writ is sued out by them, it may be amended under the act of 1843 " to authorize the amendments of writs of error," by striking out one of their names, and then it will remove the cause as to the other.

2. The judgment upon a recognizance should show that the party charged with an offence, was required to answer the charge specified therein.

WRIT of error to the Circuit Court of Shelby.

Farr being arrested upon a *capias* to answer to an indictment for larceny, entered into a recognizance with Simpson as his surety, conditioned for his appearance at the next succeeding term of the court, and to answer accordingly. Farr having failed to appear, a judgment on the recognizance was entered, reciting "that the defendant being solemnly called to come into court, came not, but wholly made default. It is, therefore, considered by the court, that the State of Alabama recover of the defendant, William Farr, and James A. Simpson, his security, in his recognizance, each the sum of two hundred dollars, for such the default of the said defendant, unless the said defendant, Farr, shall, upon *scire facias*, informing him hereof, appear at the next term of this court, and show good cause for his non-attendance at this term, &c." Upon a *scire facias* being made known to the recognizors, they appeared and pleaded *nul tiel record;* and the court being of opinion that both the recognizance and judgment *nisi* were sufficient, rendered a final judgment against each of the defendants for the sum of two hundred dollars and costs.

E. W. PECK, for the plaintiffs in error.
ATTORNEY GENERAL, for the State.

COLLIER, C. J.—The attorney general has moved to dismiss the writ of error in this case, because the final judgment against the defendants is several, and they cannot, consequently, join in a proceeding for its revision. In Howie & Morrison v. The State, [1 Ala. Rep. N. S. 113,] this court said, that where there are several judgments against two or more recognizors, although contained in the same entry, neither of them have any interest or concern with the judgment against the other; and they cannot, therefore, join in the prosecution of the writ of error.— The case cited, is directly in point, and the writ of error would be dismissed, but for the act of 1843, "to authorize the amendment of writs of error," which has been subsequently passed.— By the first section of that statute, it is enacted that "all writs of

error wherein there shall be any variance from the original record, either in the name or the number of the parties, the form of the action, or other defect, may and shall be amended, and made agreeable to such record, by the respective courts, where such writ or writs of error shall be made returnable, under such rules and regulations as the supreme court may prescribe." [Clay's Dig. 312, § 39.]

In the case at bar, there is no variance in the writ of error from the record, &c. yet it is defective in embracing two distinct judgments. With a view to prevent its dismissal *in toto*, the counsel for the plaintiffs in error, proposes to amend it by striking out the name of Farr and removing the record and judgment as to Simpson alone. We think the very beneficial statute which has been noticed, embraces in its spirit and intention, such a state of case, and that the amendment must be allowed.

In Howie & Morrison v. The State. *ut supra*, it was said to be essential that the record should should show that the accused was required to answer the charge specified in the recognizance; this, it was supposed, was necessary to show a breach of the recognizance: *Further*, that if suit were instituted upon the recognizance, such an allegation would be necessary to show a breach of its condition; and as much certainty was necessary in a judgment *nisi*, as in stating the breach in an action of debt. The principle thus laid down, applies with all force to the case before us; for it is not stated for what cause the appearance of Farr was required. And the judgment *nisi* being defective, the subsequent proceedings which depend upon it for their regularity, cannot be sustained.

This view is conclusive of the case, and shows that the judgment of the circuit court must be reversed, and the cause remanded.