## LINDSAY AND ATKINSON v. THE STATE.

1. An instrument, with a scroll attached to the name of each of the signers thereof, having the word "seal," written within, and in which the par-

ties " bind and oblige themselves " &c., and use the terms, " the condition of the above obligation " &c., and which provides, that, upon performance of the condition, "the above obligation to be void," imports on its face to be under seal, and will be taken, deemed and held to be a sealed instrument.

2. The continuance of a cause is a matter of discretion with the primary court and is not revisable on error.

3. A judgment will not be reversed for an error that works no injury to the party against whom it is committed.

4. A judgment *nisi* on a forfeited bond which recites, that the defendant, to secure whose appearance such bond was executed, " being called, came not, but made default, " without specifying ;the particular charge, that he was called to answer, is fatally defective and a judgment final rendered theron is erroneous.

Error to the Circuit Court of Coffee. Before the Hon. E. Pickens.

THIS was a proceeding on a forfeited recognizance, at the instance of the State against the plaintiffs in error, as the securities of one Gardner Hardy. The recognizance is as follows :

" *The State of Alabama, Coffee county*—Know all men by these presents, that we, Gardner Hardy, B. T. Atkinson, John Lindsay, Wesley Lightfoot, Henry Polson, and George Kilpatrick, are held and firmly bound unto Benjamin Fitzpatrick, Governor of this State, and his successors in office, in the penal sum of one thousand dollars, for the true payment of which we bind ourselves, our heirs, executors, administrators, and assigns, jointly and severally, firmly by these presents. Signed with our hands, and dated the 18th Oct. 1843.

The condition of the above obligation is such, that if the above bound Gardner Hardy shall appear before the Honorable the Judge of the Circuit Court, at a court to be holden for said county, on the first Monday after the 4th Monday in March next, at the place of holding the same, then and there to answer to a bill of indictment pending against him, the said Gardner Hardy, for an assault with intent to commit murder, and attend from day to day, and from term to term,

until discharged by a due course of law, then the above obligation to be void, otherwise to remain in full force and virtue.

GARDNER HARDY, [seal.]

B. T. ATKINSON, [seal.]

JOHN LINDSAY, [seal.]

WESLEY LIGHTFOOT, [seal.]

HENRY POLSON, [seal.]

GEO. KILPATRICK, [seal.]

Signed, sealed, and delivered, the day and date above written, in presence of JOHN T. MOODY, sheriff.

At the spring term, 1844, the said recognizance was forfeited, and judgment *nisi* entered thereon, upon a *scire facias* issued. At the return term of the *scire facias* the parties appeared, when a motion was made to quash it, which motion was sustained, and the cause continued, &c. An *alias scire facias* was thereupon issued, and on its return was also quashed on motion. The solicitor for the state then moved the court to enter a judgment *nisi, nunc pro tunc,* which was granted. The amended judgment *nisi* recites, "and now comes, &c. and the defendant Gardner Hardy being called came not but made default," without specifying the offence which he was called to answer. A *scire facias* issued on this amended judgment *nisi,* and at the return term thereof, the plaintiffs, they alone having been served, appeared to quash the *scire facias,* which motion was overruled. The plaintiffs then showed cause why the said judgment *nisi* should be reduced to two hundred dollars, which was satisfactory to the court, and judgment final was accordingly rendered for that amount.

The plaintiffs now assign as error—

1. That the instrument set out in the record as a recognizance, is not a sealed instrument, and the court erred in rendering judgment upon it.

2. That the court erred in continuing the cause after the first *scire facias* was quashed, no motion to amend having then been made.

3. That the court erred in giving judgment final when the judgment *nisi* did not set out the offence which the said Gardner Hardy was called to answer.

SEMPLE, for plaintiffs in error.

1. No instrument is really a bond, unless it be sealed, and of this evidence must appear on its face; neither a declaration in the body of the instrument, that it is sealed, nor a scroll attached, is of itself and alone sufficient. It must be stated to be sealed, and some act, such as a scroll, attached, must attest that it is sealed. In this case we have only the scroll, and the instrument on its face does not show to us what was meant by the scroll. No other words can supply the place of the word seal, or sealed. See Henderson v. Ross, Minor's R. 421; Lea v. Adkins, Ib. 184; Austin's Adm'r v. Whitlock's Ex'r, 1 Munf. 487.

2. The statute of our state gives the court power to permit an amendment, but in this case no amendment was made, but after demurrer sustained to the *sci. fa.* instead of an amendment being made, the cause was continued, and a new *sci. fa.*, a different declaration was filed.

3. The judgment *nisi nunc pro tunc* does not set out that the defendant, Hardy, was called to answer the charge of the indictment, and until this was done, there could be no forfeiture or breach of the condition of the recognizance. See Howie and another v. The State, 1 Ala. 113; Farr & Simpson v. The State, 6 Ala. 795; State v. Hinson, 4 Ib. 671; Badger et al. v. State, 5 Ib. 21.

BALDWIN, Attorney General, for the State.

I. The instrument called a recognizance, imports on its face to be a sealed instrument.

1. "A recognizance is an obligation of record, entered into before some court of record, or a magistrate duly authorized, with a condition to do some particular act."

2. The recognizance contains these words, to wit: "The condition of this obligation is such," and again, "then this obligation to be void."

3. An obligation is a word of large extent, but is usually taken, in the common law, for a bond, containing a penalty, with condition for the payment of money, or to do some act or thing. 7 Bac. Ab. 236.

4. Three essentials to an obligation—one is, that it must be sealed. Pamph. Acts 1839, p. 99; Williams, use, &c. v.

Young, 3 Ala. 145; Bancroft's Adm'rs v. Stanton, jr. 7 Ib. 350.

5. If the instrument be really sealed, although it is not said in the body of it, that the parties have set their hands and seals, it is nevertheless a sealed instrument. Taylor v. Glaser, 2 S. & P. 502; Meredith v. Hinsdale, 2 Caine's Rep. 362; Jeffry v. Underwood, 1 Ark. R. 108; Bertrand v. Bird, 4 Ib. 195; Cummins v. Woodruff, 5 Ib. 116; contra, two cases in Minor's Rep. 187, 421.

II. The cause was not continued, so far as the *scire facias* was concerned, for the record shows, that that demurrer was sustained, and *scire facias* quashed. Besides, this was before the judgment *nisi nunc pro tunc*; all proceedings before that were set aside, and of course the defendant can't complain of that.

III. The judgment *nisi* recited in the *scire facias* shows, that the defendant gave bond to appear and answer an indictment for an assault with intent to murder, "and that he failed to appear and answer said bill of indictment," after being called. The crime which he was called to answer is sufficiently set forth. See difference between this case and the one against Farr et al, reversed for not reciting the crime defendant was called to answer. Farr et al v. State, 6 Ala. 795. There is as much certainty in setting out the crime for which defendant was called to answer in this *scire facias*, as is required in stating the breach in an action of debt. Howie and Morrison v. State, 1 Ala. 113.

IV. The offence being a technical one, a bond to appear and answer that offence is sufficient, without setting out the particulars of the offence. A bond to appear and answer an indictment for an assault and battery is good, without stating upon whom the assault was committed. Bond to appear and answer the crime of larceny is good, without stating whose goods were stolen. Goodwin v. Governor, 1 S. & P. 465.

V. Defendants show cause to the court why the amount of the recognizance should be reduced from $1,000 to $200. Is not this tantamount to a confession of judgment and release of errors. Dig. 447, § 15; Commonwealth v. Offner,

2 Virg. Cases, 17; McMechen v. The Mayor, 2 Har. & J. 41.

CHILTON, J.—1. The objection taken to the bond executed by the defendants for the appearance of the prisoner, Gardner Hardy, namely, that it is not a sealed instrument, cannot be allowed to prevail. The cases relied upon by the counsel to sustain it, of Henderson v. Ross, Minor, 421, and Lea v. Adkins, Ib. 187, do indeed support his position, and the principle there decided has since been recognized by this court. Carter v. Penn, 4 Ala. Rep. 140. Which last case was one in which the parties to the instrument had given no intimation in the body thereof of their intention to seal it, or to regard it as a writing obligatory. But it will be observed, the cases relied upon, were decisions under the law as it stood before the passage of the act of 1839, which changes the law, and declares, that "all covenants, conveyances, and all contracts in writing, which import on their face to be under seal, shall be taken, deemed and held to be sealed instruments, and shall have the same effect as if the seal of the party or parties were affixed thereto, whether there be a scrawl to the name of the party or parties, or not."

We cannot well mistake the design of the parties with respect to the execution of the instrument before us, as on the face of the instrument it clearly imports to be sealed. 1. They characterize it by the use of technical language, which can alone be descriptive of sealed instruments. They "bind and oblige themselves," &c.—they speak of "the condition of the above *obligation*," and upon performance of the condition, provide "the above *obligation* to be void." Besides—2. The six signers of the instrument, opposite each of their names, have added the word "seal," written in the usual form within a scroll. We think it too clear to admit of any doubt, that the instrument on its face purports to be sealed, and that the parties so intended it. At common law, it was not necessary that it should be stated in the instrument, that it was sealed and delivered, because these, says Lord Coke, were things which were done afterwards. 2 Co. 5, a; Tol. Law Dic. Tit. Bond. Since the common law formality of sealing by impressions upon wax, or other impressible sub-

stance, has gone into disuse, the courts, while they cannot disregard such technicalities as have become interwoven with the jurisprudence of the country, are disposed, nevertheless, to look to the instrument as ascertaining the intention of the parties with respect to its character, rather than to the *formula* of sealing, by scrolls and circumflex lines, opposite the signature.

2. It is insisted, in the second place, that although the statute conferred power on the court to authorize an amendment of the *scire facias*, yet the court erred in continuing the cause after the demurrer was sustained, no motion being made to amend. It appears by the record, that on motion of the defendants, the *scire facias* was quashed, and an alias *scire facias* was ordered to issue upon the original judgment *nisi*, and the cause was continued—afterwards, upon the return of the alias, on motion of the defendants, it was likewise quashed by the court. Thereupon the solicitor for the state obtained leave to enter a formal judgment *nisi nunc pro tunc*, which was done, and the *scire facias* upon which the final judgment was rendered, was issued upon this amended judgment, and in our opinion cannot be affected by any erroneous action of the court in respect to the writs that were quashed. The continuance of the cause after the writ, which was the foundation of the proceeding, had been quashed, amounted to nothing. The court decided for the defendants as to the two first writs, and as the proceedings under the amended judgment have no connection with the proceedings under the original judgment *nisi*, which terminated in favor of the defendants, they cannot be heard to complain, that an error intervened in the prior proceeding, so as to reverse the judgment upon the latter. Aside however from this view, the continuance of causes is matter of discretion in the primary court, and not revisable on error; but if it were not discretionary in this case, and we could revise it, still it is clear the defendants have sustained no injury. That there was error is not sufficient—the plaintiff in error must show that he sustains injury thereby. Such have been the uniform decisions of this court.

3. It is contended for the defendants in the judgment, that

Vol. 15—7

the *scire facias* and judgment *nisi* were defective in not setting forth that the defendant was called to answer the charge specified in the indictment and recognizance.

The judgment, as the same was amended, recites, that the said Gardner Hardy, (the principal in the bond, and for whose appearance the same was conditioned,) "*being called, came not, but made default.*" It fails to set forth that he was called to answer any particular charge, and in this respect the proceeding is fatally defective.

In Howie and Morrison v. The State of Alabama, 1 Ala. Rep. 118, the point is expressly decided, and it was there held, that it should appear by the judgment *nisi*, that the accused was called to answer the charge which his recognizance had stipulated he should answer, so that it might appear the party had forfeited his recognizance. In that case the bond was conditioned that the party appear and answer a charge for counterfeiting a certain draft, &c., particularly describing it. The defendant was called to answer an indictment for *forgery*. The court held the judgment did not show a default for which the recognizors should be held liable. The default against which they had stipulated was for his failure to appear and answer a particular offence, the forging a certain draft, which the recognizance described, while the default of record was for failing to appear and answer for the forgery generally. It might be for the offence described in the recognizance, or for any other act coming within the appellation. The case at bar is much stronger for the defendants. Here, the recognizance is, "to appear and answer an indictment for an assault with intent to commit murder,"—the default is, that the defendant, Hardy, was called, but for what purpose does not appear. It is very clear that there can be no default until Hardy fails to appear, when called to answer the charge for which he has been recognized. The case of Farr and Simpson v. The State, is also in point, to show the proceedings had in this cause cannot be sustained. See 6 Ala. 794. Also, authorities on the brief of plaintiffs in error.

It is true, as insisted by Mr. Attorney General, that the judgment *nisi* recites, that the defendant failed to appear and answer the bill of indictment, recited in the bond, &c.; this

is true, but does not answer the objection, that *he was not called* to answer it. He was merely called to come into court—not called to answer, and until this is done, he is not in default, though he fail to answer as the record recites.

The record does not show a confession of judgment for the $200. The defendants showed cause why the judgment *nisi*, &c. should, in the opinion of the court be reduced to that sum. By no rule of construction could the language employed be considered a judgment by confession.

It follows, that the court below should have quashed the *scire facias*, which upon its face, shows the proceedings to be erroneous.

The judgment is therefore reversed, and the cause is remanded.