TIMOTHY JEROME AND JAMES JEROME v. CHARLES L. ORTMAN AND SIGMUND ROTHSCHILD.

*Covenant—Action of defined—Deed.*

1. There is no statutory definition in this State of a "covenant," or of the "action of covenant."

2. It is only because a deed at common law required a seal that covenant has been declared to lie upon a covenant or agreement under seal.

3. At common law the seal *alone* was the *test* of the existence of a deed, but our statutes contemplate a *signature* as equally necessary.

4. How. Stat. § 7778, which provides that no bond, deed of conveyance, or other written contract shall be deemed invalid for want of a seal or scroll, indicates that some other thing than a seal may be considered in determining the character of an instrument, and this can only be the *intention* of the parties as found in the instrument itself, and the purpose it was intended to serve.

5. An *unsealed* instrument in which the word "covenant" is used throughout to indicate what agreements the parties were making, which involved the sale and conveyance of lands when paid for, and were declared binding on the heirs and representatives of the respective parties, who were said to have thereunto set their hands and seals, cannot be construed as intending anything else than what would have been an agreement under seal or deed at common law, and falls within the statute above cited.

Error to Saginaw. (Gage, J.) Argued June 17, 1887. Decided July 7, 1887.

Covenant. Defendants bring error. Affirmed. The facts are stated in the opinion.

*De Forest Paine,* for appellant Ortman.

*Wisner & Draper,* for appellant Rothschild.

*D. P. Foote* (*Hanchett & Stark,* of counsel), for plaintiffs.

CAMPBELL, C. J.   In this case the plaintiffs sued defendants in an action of covenant for the violation of the terms of an agreement which was executed without any actual seal or scroll, but which was declared to be the act of the parties, in witness whereof they thereunto set their hands and seals. The court below held that the action of covenant was properly brought, and judgment was rendered upon the verdict of the jury for damages shown.

It is claimed now by defendants that, the agreement not being actually sealed, assumpsit was the only action permissible ; and assumpsit being barred in six years, while covenant is not barred until ten years, the distinction is material and vital in the present case, where more than six years had expired.

We have no statutory definition either of a covenant or of the action of covenant.   We must therefore go back to the common law.   It is claimed by defendants that a covenant is an instrument under seal, and that the action of covenant is confined to sealed instruments.

This was generally so at common law, but the definition is not accurate in the order of statement.   Covenant at common law is an action upon a deed.   It is only because a deed at common law required a seal that covenant has been declared to lie upon a covenant or agreement under seal.   It is the question whether the instrument was a deed or not that governs.   All sealed instruments are deeds.   But even at common law a party could be held sometimes where he had not affixed his own seal at all.   Thus the lessee in a king's patent might be sued for covenant broken, although he sealed no counterpart, because bound by his acceptance. Com. Dig. "Covenant," A 1.   And in a lease to two persons, one only of whom sealed the counterpart, the same doctrine was laid down.   Id.; Co. Litt. 231a.   Several other cases are put in Comyn to the same effect.   Implied covenants, before our statutes on the subject, came under this rule.

In Fitzherbert's *Natura Brevium*, 146A, where the writ of covenant is explained, it is said that by the custom of London convenant would lie without deed. And the same customary exception appears to have existed elsewhere. Com. Dig. Id.

It is declared by our statute (How. Stat. § 7778) that no bond, deed of conveyance, or other contract in writing, signed by any party, his agent or attorney, shall be deemed invalid for want of a seal or scroll affixed thereto by such party.

At common law the seal alone was the test of the existence of a deed. Our statutes comtemplate a signature as equally necessary. The statute just referred to indicates that some other thing than a seal may be considered, and this can only be the intention of the parties as found in the instrument itself, and the purpose it was intended to serve.

There can be no doubt what the agreement before us means. It uses the word " covenant" throughout to indicate what agreement the parties were making, which involved the sale and conveyance of lands when paid for. It was provided that the covenants should bind the heirs of the respective parties, as well as their representatives; and it recited that the parties thereunto set their hands and seals.

This language, and the whole contract taken together, cannot be construed as intending anything else than what would have been an agreement under seal or deed at common law. It is apparent that the failure to seal was inadvertent. It is the precise case intended by the statute, where an instrument purporting to be a deed is not sealed. There is no ambiguity in the expressed intention.

The statute is in harmony with the general policy of our law, which does not require any particular method of sealing, and permits anything to be called a seal which is adopted for that purpose. It does not put specialties and simple contracts on the same footing, but it allows parties who intend to make specialties to have their intent carried out

In a case so plain as the one before us, there is no occasion for prolonged discussion. The paper purports to be a deed, and is a deed.

The judgment must be affirmed.

The other Justices concurred.