PROVIDENCE TELEGRAM PUBLISHING CO. *vs.* CRAHAN ENGRAVING CO.

PROVIDENCE—MAY 14, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Pleading and Practice. Assumpsit. Covenant. Seals. Agreements.*

Plaintiff sued in assumpsit for breach of an agreement evidenced by a contract in writing in which the words, "agrees," "agreed," and "agreement" were used throughout, except in one instance, where it used the word "covenants." There was no testimonium clause, but ink scrolls with the word "seal" written inside of each scroll were appended to the signatures. At the trial plaintiff was nonsuited on the ground that the form of action should have been covenant:—

*Held*, that Gen. Laws cap. 202, § 4, abolished seals only as to instruments conveying land, but as to other instruments the common-law rule was in force, and within such rule the scroll was not a seal.

(2) *Covenants. Statutes. Pleading and Practice.*

Gen. Laws cap. 202, § 4, further provides: "The word 'covenant,' used in any deed or instrument to which no seal is affixed, shall have the same effect as though a seal had been affixed thereto":—

*Held*, that the statute only applied to cases where a party had expressly assumed to covenant by fit words. In the instrument in question the words of obligation were "agree," and the word "covenants" was used as descriptive of the agreements, and the purpose of the agreement and the words employed showed that the agreement was intended to be a simple contract.

ASSUMPSIT. The facts are stated in the opinion. Heard on petition of plaintiff for new trial, and petition granted.

STINESS, C. J. The plaintiff sued in assumpsit for breach of an agreement by the defendant to furnish engravings for the plaintiff's papers.

(1)   The agreement was evidenced by a contract in writing in which the words " agrees," " agreed," and " agreement " are used throughout, except in one instance, where it says : " In consideration of the faithful performance of the foregoing *covenants* by party of the first part, party of the second part hereby agrees," etc.

There is no testimonium clause, but ink scrolls with the word " seal " written inside of each scroll are appended to the signatures.

At the trial the plaintiff was nonsuited, upon the ground that the form of action should have been covenant instead of assumpsit.   To this ruling the plaintiff excepted, and petitions for a new trial.

There has been much difference, both in statutes and decisions, in regard to seals.   By common law a seal was an impression on wax or wafer ; and so it was generally in the colonies of this country while they were under the English law.   Afterwards, in many States, usually by statute but sometimes by decisions of courts, impressions upon paper and ink scrolls were recognized as seals ; and more recently there has been a general tendency to abolish seals altogether.   In this State, until the last revision, Gen. Laws 1896, the common-law rule was followed, with only the following modifications.   In 1857, Rev. Stat. cap. 6, § 14, it was enacted that the seal of a court or public officer might be an impression of such official seal upon paper, as well as upon wax or wafer. In 1872, Gen. Stat. cap. 22, § 14, the section was extended to read : " Whenever a seal is required to be affixed to any paper, the word seal shall be construed to include an impression of such seal made with or without the use of wax or wafers on the paper," and it so remained until 1896.

These changes did not abolish seals, but simply allowed an impression of the seal upon paper where a seal was required.

They did not recognize the validity of a scroll or the mere use of the word seal, and we are not aware that either or both of these have ever been held in this State to be equivalent to seals.   Where a seal was not required, the law remained as before—that the seal should be a common-law seal,

or, at least, by analogy, a seal impressed upon paper, or a paper affixed as a seal.

In 1896, Gen. Laws cap. 202, § 4, it was provided that no seal shall be required to any instrument conveying lands, tenements, or hereditaments ; that such conveyance shall be a deed, although no seal is affixed, and that the word "covenant" shall have the same effect as though a seal had been affixed. It is to be observed that this legislation has abolished seals only as to instruments conveying land, but not as to other instruments. As to bonds, there has been no change in the law, and seals seem still to be required.

From this state of the law we think that the scroll in this case was not a seal, as the word has always been understood in this State.

(2)   This being so, the question is whether the word "covenants," as used in the contract, is sufficient to bring the case within the statute.

Evidently the statute must refer to the use of the word "covenant" in the sense of the obligation assumed. It cannot mean that if the word "covenant" happens to be anywhere in the instrument that it thereby determines the form of the obligation, without reference to its significance or application.

In deeds without a seal one may covenant for title, possession, freedom from incumbrance, etc., and, but for such a provision, these stipulations without a seal would amount only to a simple contract, and the security of the limitation of actions of covenant would be reduced from twenty years to six. Gen. Laws cap. 234, §§ 3, 4. In *McCardell* v. *Williams,* 19 R. I. 701, an action of covenant was required, because rent was due under a lease under seal, and with covenants. It was, therefore, plainly within the terms of the statute.

We think the statute, in its true meaning, is to apply only to cases where a party has expressly assumed to covenant as by the words "I covenant," etc., where "covenant" is the operative word. In this case, throughout the whole instrument, the words of obligation are "agree." In the one place

referred to, it uses the word "covenants" as descriptive of the agreements. In referring to "the foregoing covenants," it appears that they are not covenants at all. It is plain that the contract was written by one who was not skilled in the use of technical words. The contract was not of such a character as is usually made by covenant.

It has frequently happened that persons have used terms and seals unadvisedly, whereby courts have been called upon to say what effect should be given to the instrument.

In *Mackay* v. *Saint Mary's Church*, 15 R. I. 121, we held that a seal affixed to a promissory note was "a piece of unnecessary ornament," and disregarded it as a mere excess.

In *Clement* v. *Gunhouse*, 5 Esp. 83, an action of assumpsit was brought for sailors' wages. The agreement was under seal. Mr. Justice Chambre said : "If the parties did not mean to contract by deed, the ignorance of the parties as to the effect of a seal could not make it so."

In *Warren* v. *Lynch*, 5 Johns. (N. Y.) 238, a note was given in Virginia, signed with a flourish around the letters L. S., a good seal in Virginia. It was held by Kent, C. J., that it was not a good seal in New York and assumpsit was sustained.

*Carter* v. *Penn*, 4 Ala. 140, held that a writing with a scroll, in which is written the word "seal," at the end of the name of the party signing it, is not a sealed instrument; unless it appears from its body that the parties intended to give it that character. To the same effect is *Lindsay* v. *State*, 15 Ala. 43, where a bond was sustained upon the import of the face of the instrument, a statute giving that authority "whether there be a scroll to the name of the party or parties, or not." See also *Ingram* v. *Hall*, Hayw. (N. C.) 193 ; *Cromwell* v. *Tate*, 7 Leigh. (Va.) 301. In *Jerome* v. *Ortman*, 66 Mich. 668, an agreement was not sealed, but the word "covenant" throughout was used. The court held that it was suable in covenant, upon the intention of the parties.

In *Buckingham* v. *Orr*, 6 Colo. 587, there was a promissory note with a power of attorney to waive process and to

confess judgment. The court held that where it appeared from the whole transaction that there was no intention on the part of the maker to adopt a printed seal opposite his signature, the instrument was not a specialty.

These cases, in connection with our statute, are sufficient to show that the purpose of the instrument, and the words used therein, are the true test of its character, rather than the fortuitous attachment of a seal or scroll.

While there are many cases actually or apparently to the contrary, we think that the principle just stated is supported by the better reason; and we are the more inclined to adopt it in this case because the form of action involves no substantial right of a party, but rests only upon a pure technicality. We do not see that it can make any difference to the defendants whether they are sued in assumpsit or in covenant. But whether it does or not, the agreement was properly a simple contract—as much so as a promissory note. Not being in fact a sealed instrument according to our law, and the use of the word "covenants" being used merely as descriptive of agreements which were not covenants, and the character of the contract not being such as to imply a seal, we think that the case is properly brought in assumpsit and that the nonsuit was erroneous.

New trial granted.

*Ballou & Tower*, for plaintiff.

*E. K. Parker and Comstock and Gardner*, for defendant.