CLARA E. NOWELL *vs.* ANDREW S. WATERMAN.

NOVEMBER 30, 1932.

PRESENT: Stearns, C. J., Rathbun, Murdock, and Hahn, JJ.

Murdock, J. The above entitled action, commenced by the issuance of a writ in assumpsit, was tried by a justice of the Superior Court sitting without a jury. The trial justice gave a decision for the plaintiff and the case is here on defendant's exceptions to the decision for the plaintiff and to the denial of defendant's motion to quash the writ.

The plaintiff seeks to recover damages for the non-performance by the defendant of the terms of a written lease. The lease in question, which was for one year, was entered into by the parties hereto in the Commonwealth of Massachusetts and relates to property located in the city of New Bedford in said commonwealth. It contained the following clause: "In consideration of the within lease, the said lessee hereby agrees to buy and the said lessor, agrees to sell the above mentioned premises for the sum of Ten Thousand Dollars, ($10,000) on or before June 1, 1931, subject to taxes for the year 1931" and concluded as follows: "In witness whereof, the said parties have here-unto interchangeably set their hands and seals the day and year first above written."

The defendant contends that the lease is an instrument under seal, and recovery for the breach of the same cannot be had in this action because the declaration contains no count in covenant. Sec. 26, Chap. 333, G. L. 1923.

Under the laws of Massachusetts where the instrument was executed it is undoubtedly an instrument under seal. Massachusetts Acts and Resolves 1929, Sec. 2. But the remedy for a breach of a contract is governed by the *lex fori* and the action of covenant is not the appropriate form of action if the instrument is not a specialty in the jurisdiction where the action is brought, although it would be such in the jurisdiction where the agreement was entered into. 15 C. J. 1192.

The common law requirement that a seal in some form must be affixed to an instrument to make it a specialty has

been modified to some extent in this State. Section 4, Chapter 297, G. L. 1923 and see Section 12, Chapter 297. Said section 4 of chapter 297 is as follows: "No seal shall be required to any instrument conveying lands, tenements or hereditaments; and any instrument purporting to convey lands, tenements or hereditaments may be referred to as, and shall be, a deed, though no seal be affixed thereto; and the word 'covenant' used in any deed or instrument to which no seal is affixed, shall have the same effect as though a seal had been affixed thereto." The lease in question does not fall within the class of instruments deemed by the statute to be sealed instruments although no seal is attached thereto. It is not an "instrument conveying lands, tenements or hereditaments" nor is the word "covenant" to be found therein.

In *The City of Providence* v. *Goldenberg*, 44 R. I. 327, it was held that an instrument in the form of a bond to which no seals were affixed was not a sealed instrument. We are therefore bound to conclude that said lease is not a specialty under the laws of this State. The defendant's exception to the denial of his motion to quash the writ is overruled.

In his decision the trial justice allowed $290.70, the same being the amount of taxes paid by plaintiff for the year 1931. There is no count in the declaration alleging that the defendant promised to pay said taxes but recovery was allowed under the common counts. This was error in substance as well as in pleading. If said agreement bound the defendant to pay the taxes on said property of the plaintiff, it should have been so pleaded. The only basis for the allowance of said sum appears in the agreement to purchase but the defendant did not undertake to pay plaintiff's taxes. His undertaking was to pay $10,000 for the property subject to an incumbrance for taxes for the year 1931. The plaintiff is suing for damages for breach of contract and not for the purchase price or for specific performance. She has elected to retain the property and to recover such damages as she may be entitled to by reason

of a breach of the contract to purchase. The measure of damages is the difference between the contract price and the market value of the land, subject to the incumbrance for taxes for 1931, at the time when the contract should have been performed. Sedgwick on Damages, § 1018. The defendant's exception to the allowance of this item is sustained.

The defendant further contends that the plaintiff cannot recover damages for breach of the agreement to purchase for the reason that she did not make tender of a deed. The general rule is that in an action for the breach of an agreement, such as the one in suit, containing dependent promises, a tender of a deed must be averred. 35 A. L. R. 129. But the term "tender", when applied to a case where there are mutual and dependent promises, has not the same connotation as when used in reference to an offer to pay an ordinary debt where money is offered to a creditor who is entitled to receive it without further action on his part.

In the former case it means only a readiness, willingness and ability to perform all that is required of a party seeking to enforce an obligation and notice to that effect to the other party. See *Guilford* v. *Mason*, 22 R. I. 422, where this subject is discussed at length. The contract in suit contains mutual and dependent promises to be performed simultaneously and as was said in *Guilford* v. *Mason, supra,* "it would be a too strict and harsh construction of such a contract . . . to hold that a technical common-law tender was necessary in order to save the rights of the plaintiff."

From the record in the instant case it does not appear that there has been sufficient compliance with the above rule on the part of the plaintiff to sustain an award of damages in her favor for failure of performance on the part of the defendant. Plaintiff testified that she was ready and willing to convey but the only testimony of notice to that effect to the defendant is that she caused letters to be written to the defendant by her attorney. Copies of said

letters are not in evidence nor is there any testimony as to the subject matter of the same.. It is perhaps fairly to be inferred that said letters contained notice of said readiness and willingness sufficient to bind the defendant but an award of damages cannot be sustained on a mere inference.

The damages awarded by the decision are excessive and the defendant's fifth exception is sustained on that ground. The defendant's third exception is overruled.

It is ordered that the case be remitted to the Superior Court for a new trial, unless the plaintiff, on or before December 15, 1932, shall file in the office of the clerk of the Superior Court her remittitur of all of the amount awarded in excess of $698.71. If the plaintiff shall file such a remittitur within the time fixed, the Superior Court is ordered to enter judgment for the plaintiff in the sum of $698.71.

*William H. McSoley*, for plaintiff.
*Henry M. Boss, Jr.*, for defendant.