234 A.2d 369.

LOUISE C. WALLBAUM *vs.* FRANK B. MARTIN.

OCTOBER 24, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a civil action, brought on a promissory note, which became due more than eight years prior to the commencement of the action. It is before this court on the plaintiff's appeal from the judgment of a superior court justice granting the defendant's motion to dismiss on the ground that the claim was barred by the statute of limitations.

It appears from the pleadings and said promissory note that on January 3, 1953, plaintiff and her husband, who died prior to the commencement of the action, loaned $3,000 to defendant and his wife, whose death also preceded litigation. The loan was for a period of five years as evidenced by the note which was executed in Latrobe, Pennsylvania, where the payees resided. The note is a printed form, presumably standard in Pennsylvania. Above the signatures of the makers is the testimonium clause, "Witness our hand and seal" with the printed word "SEAL" enclosed in parentheses appearing to the right and on a line with each of their signatures.

The plaintiff, citing *Loraw* v. *Nissley*, 156 Pa. 329, 27 Atl. 242 (1893), contends that under the law of Pennsylvania the note is a sealed instrument and defendant makes no argument to the contrary. However, plaintiff concedes that the law of the forum is the applicable rule and the legal status of the note in Pennsylvania is not before us. See *Nowell* v. *Waterman*, 53 R. I. 16, 163 Atl. 402 (1932).

Similarly, plaintiff's standing is not in issue. She asserts, and defendant does not dispute the proposition, that under the applicable law of Pennsylvania the note was held by the payees as tenants by the entirety and with the death of her husband plaintiff became the sole owner of the chose in action on which the instant litigation is premised.

The plaintiff's right of action accrued January 3, 1958, but litigation on the note was not commenced until May 18, 1966. General Laws 1956, §9-1-12, as amended provides:

> "An action is commenced for purposes of the statute of limitations when the complaint is either filed with the court, deposited in the mail addressed to the clerk or delivered to an officer for service."

No special period of limitation having been provided within which a civil action founded on a promissory note should be commenced, and the pleadings establishing that plaintiff had not commenced her action within the six-year period, defendant moved to dismiss and the superior court justice granted his motion. The correctness of this ruling is the sole question presented by plaintiff's appeal.

She contends that for reasons hereinafter considered, the applicable statute of limitations is §9-1-17, as amended. It provides:

> "The following actions shall be commenced and sued within twenty (20) years next after the cause of action shall accrue and not after: actions on contracts or liabilities under seal * * *."

Acknowledging that ordinarily a promissory note when due is a chose in action which falls within the six-year

period of limitations, plaintiff nevertheless argues that the common-law requirement of an actual seal has been so relaxed by statutory enactments and decisional law as to make the intention of the parties controlling on the issue of whether in a given case a promissory note may qualify as a sealed instrument.

Tracing the history of their enactments, all of which as presently provided first appeared in G. L. 1896, plaintiff refers our attention to the following statutory provisions:

"§34-11-2. Seal not required.—No seal shall be required to any instrument conveying lands, tenements or hereditaments; and any instrument purporting to convey lands, tenements or hereditaments may be referred to as, and shall be, a deed, though no seal be affixed thereto; and the word 'covenant' used in any deed or instrument to which no seal is affixed, shall have the same effect as though a seal had been affixed thereto."

"§34-11-5. Releases and discharges effective without seal.—Any instrument purporting to be a release of all claims and demands, or of any special demand, whatever be the consideration expressed therefor, and any discharge of mortgage in whole or in part, shall be construed to have that effect although no seal shall be affixed thereto."

"§43-3-15. Seal defined.—Whenever a seal is required to be affixed to any paper, the word 'seal' shall be construed to include an impression of such seal made with or without the use of wax or wafer on the paper."

Conceding that from colonial times until the adoption of the quoted statutes the affixing of a seal was indispensable to the creation of a common-law specialty, plaintiff nevertheless contends that the effect of such legislative enactments was .to obviate the necessity of an actual seal in favor of the intention of the parties as gathered from the contents of the instrument and the circumstances surrounding its execution. In support thereof she cites *Provi-*

14

*dence Telegram Publishing Co.* v. *Crahan Engraving Co.,* 24 R. I. 175, 52 Atl. 804 (1902).

There, the plaintiff sued in assumpsit for breach of an agreement evidenced by an instrument throughout which appeared the words "agrees," "agreed," and "agreement," except in one instance where the phrase "In consideration of the faithful performance of the foregoing *covenants* * * *," appears. The trial justice nonsuited the plaintiff on the ground that the form of action should have been covenant rather than assumpsit, relying on the provisions of §34-11-2, *supra.*

On appeal, this court reversed the trial justice, holding that as used in the instrument the word "covenants" was merely descriptive of a simple agreement for a breach of which the form of action was assumpsit.

The instrument in the *Providence Telegram* case contained ink scrolls with the word "seal" written inside of each scroll appended to the signatures of the parties. From the discussion of this court as to the true nature of the instrument in the *Providence Telegram* case, plaintiff at bar concludes that the intention of the parties rather than the presence or absence of common-law seals was controlling.

Thus, applying this reasoning to the circumstances of the instant case, namely the execution of the note in Pennsylvania where the promissory note would be considered an obligation under seal, and the presence on said note of the words, "Witness our hand and seal," followed by the signatures of the makers and the printed words "SEAL," plaintiff contends that it is clear that the parties intended the note in question to evidence an obligation under seal, within the meaning of §9-1-17, *supra.*

We think, however, that plaintiff misconceived the rationale of the holding in *Providence Telegram, supra.* It stands for the proposition that for the statutory relaxa-

tion of the common-law requirement of an affixed seal to be applicable, the legal obligation in question must be one which at common law required a seal. It is in the nature of a non sequitur to argue that a statutory enactment designed to relax the requirements of a common-law specialty may be invoked to give specialty status to that which at common law was a simple obligation.

In making such argument, plaintiff stresses the provisions of §34-11-2 and argues that if the word "covenant" had been used in the subject promissory note there could be no question but that the note would be a sealed instrument. This court had occasion to consider the scope of the cited section in *Nowell* v. *Waterman, supra.*

There, the litigation involved a written lease for one year wherein the lessor agreed to convey the leased premises to the lessee for a specified sum. Executed in Massachusetts, the instrument bore no seal but did contain the following testimonium clause, "In witness whereof, the said parties have hereunto interchangeably set their hands and seals the day and year first above written."

Noting that the lease was a sealed instrument within the meaning of the Massachusetts statutes, this court held that it did not become a specialty in this state by reason of now §34-11-2, since the instrument conveyed no lands, tenements or hereditaments, nor was the word "covenant" to be found therein. Thus, the court inferentially rejected the very proposition for which the instant plaintiff contends. See also *City of Providence* v. *Goldenberg*, 44 R. I. 327, 117 Atl. 225 (1922).

We think it settled, then, that absent seals affixed thereto by the makers of the promissory note in issue here, plaintiff was obligated to commence her action within six years next succeeding the time at which her action accrued.

It may well be that there is no longer a sound reason for distinguishing between specialties and simple agreements,

but since the significance of such distinction relates to the period of time within which the legislature has authorized the commencement of the several forms of action, the elimination of such distinction is for the legislature, and not for the courts.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Umsted & Going, Scott Umsted, Jr.,* for plaintiff.

*Letts & Quinn, Daniel J. Murray, Jerome B. Spunt,* for defendant.