This appeal is from orders of the trial court setting aside plaintiff-appellant's summary judgment and subsequently entering summary judgment for defendant-appellee. We affirm.
On March 5, 1969, appellee executed a promissory note to the order of The First National Bank of Mobile. The note was a standard, preprinted form used by the Bank with "(SEAL)" preprinted opposite the signature line. The note was negotiated to appellant January 21, 1970. Appellee had made no payments of principal or interest on the note during the six years preceding appellant's filing an action on the instrument November 27, 1978. Appellee pleaded the six-year statute of limitations and denied that appellant was a holder in due course. On cross-motions for summary judgment, the court initially granted summary judgment for appellant. After appellee filed a motion for reconsideration, the court granted summary judgment for appellee and dismissed the case.
The issue presented is whether the ten-year statute of limitations for sealed instruments controls. If not, the six-year statute applies, and the appellee's plea is good. Appellant contends that the instrument facially imports sealing and that appellee adopted the character "(SEAL)" when he signed the note. Appellee contends that an intention to create a sealed instrument must be embraced in the body of the instrument regardless of whether the character "(SEAL)" appears opposite the signature line.
The first Alabama case to address the question of sealed instruments was Lee v. Adkins, Minor 187 (1824). In that case Adkins executed a note evidencing a debt to one Baird, and signed before the character "(Seal.)" written in scroll. There was no expression in the body of the instrument denoting that it was sealed. A majority of this Court held that it was not a sealed instrument, reasoning:
 ". . . The ancient mode of sealing is no longer in use. By common consent other signs have been substituted. Ink seals or scrolls are now in almost universal use. These modern substitutes cannot prove themselves by inspection; they are all alike or so nearly so, as to preclude the appropriation of an ink seal of a particular and distinctive model or appearance to each individual: hence it becomes necessary to resort to the body of the instrument to ascertain the intention of the party making it. . . . If a doctrine different from that in which the majority of the court agree in this case were recognized, I fear that a door would be opened for fraud and perjury, and for imposing on the unwary, instruments as deeds which they intended as simple contracts. Those who are disposed to go still deeper into crime might add the scroll after instruments had been executed and delivered.
 ". . . If the scroll had been added years after making the promissory note, how could the forgery be detected? These mischiefs will be prevented by requiring that the party shall express in the body of the instrument the intention to make a deed, and consummate that intention by the addition of a scroll; if such intention be expressed, any scroll, however whimsically fashioned, would be the seal of the party who on the face of the instrument had declared it such."
Minor at 192, 193.
In 1839, the predecessor to Code 1975, § 35-4-22 was passed. As enacted, it stated:
 "`That all covenants, conveyances, and all contracts in writing, which import on their face to be made under seal, shall be taken, deemed and held to be sealed instruments, and shall have the same effect *Page 723 
as if the seal of the party or parties were affixed thereto, whether there be a scroll to the name of such party or parties or not.'"
Carter and Carter v. Penn, 4 Ala. 140, 141 (1842). Construing the statute in Carter and Carter, supra, this Court held:
 "Previous to the passage of this act, it was necessary, in order to constitute a sealed instrument, not only that it should appear from the body of the writing that the parties intended thus to characterize it, but it was also necessary to accompany its execution with a scroll, or some other indicium of a seal. [Lee v. Adkins, Minor's Rep. 187.] The only change in the law proposed to be effected by the statute, was to dispense with a scroll or its equivalent, and to make the recognition of the parties in the body of the paper that it was sealed, impart to it the dignity of a deed."
4 Ala. at 141. This case has been the law of the state and has not been disturbed by subsequent decisions.
Later, in Moore v. Leseur Wife, 18 Ala. 606 (1851), one Penelope Moore signed a promissory note, placing her signature before the character "(SEAL.)". Again, this Court held:
 ". . . [W]e have no hesitation in pronouncing that the word seal, written in a scroll after the signature, without any thing further to indicate the intention of the parties to make it a sealed instrument, does not constitute it a specialty. This precise question came before the court at an early day, (Lee v. Adkins, Minor's R. 187,) and it was adjudged in accordance with the view we have expressed. The question again arose in Carter Carter v. Penn, 4 Ala. 140, and there it was held that although the note was executed since the statute of 2d Feb. 1839, yet the word `seal,' written within circumflex lines after the signature did not constitute it a sealed instrument."
18 Ala. at 609, 610.
It is clear from the foregoing authorities that the character "(SEAL)," printed opposite the signature line on an instrument, without more, is not sufficient to render it an instrument under seal. There must be an intention on the part of the maker, recited in the body of the instrument, to the effect that the instrument is sealed. No such intention was expressed in the body of the instrument under consideration in the case at bar. The trial court, therefore, did not err in granting appellee's motion for summary judgment.
Having reached the conclusion that the instrument was not under seal, the second issue, namely whether appellant was a holder in due course of the note, is moot.
AFFIRMED.
TORBERT, C.J., FAULKNER and EMBRY, JJ., and TYNER, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.