L. CHARLES WRIGHT, Retired Appellate Judge.
Rickey Johns entered into a note and security agreement with First Alabama Bank in March 1982. Johns defaulted on the note in October 1982. In February 1991 First Alabama filed an action in the Small Claims Court of Calhoun County to collect the unpaid balance on the note. Johns answered the complaint with a general denial and pleaded the affirmative defense of statute of limitations.
The small claims court entered a judgment in favor of Johns, holding that the six-year statute of limitations, applicable to contract actions, barred the action. First Alabama filed a motion to reconsider, which was denied. First Alabama appealed the action to the circuit court.
Following a hearing, the circuit court found in favor of First Alabama. It determined that the language contained in the consumer loan agreement clearly indicated that the parties intended the document to be a document under seal, therefore, making the six-year statute of limitations inapplicable.
Johns appeals. He asserts that the circuit court erred in finding the instrument to be under seal.
The dispositive issue is whether the loan agreement was made under seal. A six-year statute of limitations applies to a normal contract arrangement. § 6-2-34(4) and (5), Code 1975. A ten-year statute of limitations applies to a contract negotiated under seal. § 6-2-33(1), Code 1975.
In order for an instrument to be determined to be under seal, “[tjhere must be an intention [to that effect] on the part of the maker, recited in the body of the instrument.” Crane v. Pringle, 378 So.2d 721 (Ala.1979). The use of the letters “L.S.” or the word “SEAL”, without more, is insufficient to render an instrument under seal. Crane.
The agreement signed by the parties in 1982 was a standard pre-printed form used by First Alabama. Directly above the signature lines was the following language:
“In witness whereof, the undersigned debtor executes this Note and Security Agreement under seal on the day and date above written and acknowledges receipt of a fully completed copy, prior to execution thereof.”
The letters “L.S.” appear at the end of the signature line, following Johns’s signature.
Johns insists that the agreement did not contain sufficient language expressing an intent of the parties to execute a sealed instrument.
We find, from the face of the document, that the parties’ intent was to execute the agreement under seal. The document is not ambiguous. It states this intent in plain and simple language.
Having reached the conclusion that the document was executed under seal, we find that First Alabama’s action to collect the debt was not barred by the applicable ten-year statute of limitations.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.