## LOWTHER, ET AL. v. CHAPPELL.

1. An admission made by the principal maker of a note, coupled with a promise to pay, will not revive the debt so as to take it out of the bar of the statute of limitations as against a co-maker, who is his surety.

Writ of Error to the Circuit Court of Macon.

Assumpsit, by Lowther and Taylor, as administrators of Samuel Lowther, against Chappell, as a joint maker of two promissory notes, dated 17th January, 1829, one payable three, and the other four years after date. The suit was commenced 26th August, 1843. The defendant pleaded non-assumpsit within six years ; to which the plaintiff replied, that he did promise and undertake, in manner and form as they had declared against him, within six years next before the commencement of the suit.

45

At the trial, the plaintiffs produced and read in evidence to the jury, the notes described in the declaration, which were signed by Evans Myrick, John D. Chappell, George A. Chappell, W. B. Head, and the defendant. They also proved by one Hardeman, that he, in January, 1838, had received the notes for collection, and then presented them to Myrick, one of the makers, who promised to pay what was due, in the fall of that year; a calculation was made by Myrick and the witness of the sum due, which was ascertained and agreed on. The evidence also conduced to prove, that payments were made by Myrick on these notes, in the years 1834, 1835, and 1836; also, that Myrick was principal and the others his sureties on the notes, which on their faces purported to be joint and several.

Upon this state of proof, the Court charged the jury, that if the debt sued on was barred by the statute of limitations, then a promise made by Myrick, whether he was principal, or only a co-promissor, would not revive the liability of the defendant; and although the jury might be satisfied that Myrick had promised within six years, prior to the commencement of this suit, to pay the notes, the plaintiffs were not entitled to recover.

Also, that partial payments upon a demand prevent the running of the statute, but if more than six years had intervened between the last payment and the commencement of this action, then a promise by Myrick would not prevent the statute from running in favor of the defendant.

The plaintiffs then requested the Court to charge the jury, that if they believed six years had not elapsed between the time of the last payment, and the promise by Myrick, and that this suit was brought within six years after that promise, then the plaintiffs were entitled to recover.

This was refused, and the plaintiff excepted, as well to the charges given, as to the refusal to charge as asked.

The assignment of errors presents the same questions to this Court.

J. E. Belser, for the plaintiffs in error, argued—

1. It is well settled that payment of part prevents the running of the statute. [McGehee v. Greer, 7 Porter, 537.] Here, in 1838, before the statute had run from the last partial payment, a new promise was made by the principal in the note. This being

made before the bar of the statute was complete, is supposed to prevent it from running. [Torbert v. Wilson, 1 S. & P. 200; Garrow v. St. John, 4 Porter, 223; Whitcomb v. Whitney, 2 Doug. 652; Parham v. Raynel, 2 Bing. 306; Jackson v. Fairbanks, 2 H. Black. 340; White v. Hall, 3 Pick. 291; Dinsmore v. Dinsmore, 21 Main. 433; Ballard v. Lathrop, 4 Conn. 336; Burleigh v. Scott, 8 B. & C. 36; Fry v. Baker, 4 Pick. 382; Sigourney v. Drury, 14 Pick. 387; Hunt v. Bridgan, 2 Ib. 581.]

2. Here is a joint obligation, in which an admission by one will be proper evidence to charge the others, so long as the contract remains undischarged; and the current of authority, as between partners, is, that the admission by one is the admission of all. [King v. Hardwick, 11 East, 589; 1 Taunt. 103; 1 M. & S. 249; Peake Ca. 203; 4 D. & K. 17; 3 Mun. 191; 6 John. 269; 15 Ib. 409; 7 Wend. 441; 4 Conn. 336.]

3. An admission by one partner, after the dissolution of the partnership, will take the demand out of the statute. [Smith v. Ludlow, 6 John. 266; Hefllin v. Banks, 6 Cow. 650; Pollard v. Cheek, 7 Wend. 441; Dinsmore v. Dinsmore, 21 Maine, 430.]

4. The case of Bell v. Morrison, 1 Peters, 351, is distinguishable from this, as that was the mere acknowledgement by a partner, *after the statute had run.* [Sigourney v. Drury, 14 Pick. 397; Bostwick v. Lewis, 1 Day. 33; Howard v. Cobb, 3 Ib. 309; Baird v. Lathrop, 4 Conn. 339; Clemenson v. Williams, 8 Cranch, 72.]

G. W. GUNN, for defendant in error.

GOLDTHWAITE, J.—The principle upon which the decision of Whitcomb v. Whiting, 2 Doug. 652, is rested, has often been doubted in the English Courts, and frequently denied in our own. Without reference to the many adjudicated cases on this much vexed question, it will be permitted us to state, the constant leaning now, of all Courts, is to restore the statute of limitations to its proper standing, and give it the effect which its authors evidently intended it to have; i. e. to shut out all litigation upon the expiration of the limited period, unless the original promise is revived by something equivalent to an express promise to pay, by the party sought to be charged. To this effect is Bell v. Morrison, 1 Peters, 351; Clementson v. Williams, 8 Cranch, 72; Jones

v. Moore, 5 Binn, 573; Levy v. Cadit, 17 S. & R. 175; Ex'n Bank v. Sullivan, 6 N. H. 137; and many other cases might be added. When one person becomes bound with others, either upon a joint contract, or as a surety, there is no reason why the admission of those with whom he is joined, that the debt is unpaid, or their promise to pay it, shall operate to his prejudice, because it seems entirely evident, that such admission, or promise, may be made without a knowledge of the circumstances which exist between the holder of the debt and the other parties, who are sought to be thus charged. In many cases, where the contest is with respect to the validity of the contract, there is great force in the argument, that as all have a common interest under the contract, the admissions of one shall operate against all; but even there it enterely fails, if the contract, in point of fact, was a several one, and other parties are subsequently joined as sureties; it would be most unreasonable to allow the admission of a subsequent surety, to validate a defective contract, so as to bind his principal; and on the other hand, it would be equally so by the admission of the principal to extend the term for which the surety has consented to be bound. Conceding then, that the payments made by the principal debtor, in this cause, in 1836, and his admission of the debt as existing, in 1838, coupled with his promise to pay, had the effect to prevent the statute from running, as to him, yet it in nowise prevented it from doing so as to the sureties. The legal effect of their engagement is, to continue bound for the principal for six years, after the period limited for payment, and no act or admission, which is not their own, can impair this effect of the original contract.

It follows, that the law was correctly ruled by the Circuit Court.

Judgment affirmed.