## EVANS, ET AL. v. THE STATE BANK.

1. If the defendant in a summary proceeding, appears and makes no objection to the oourt then proceeding to entertain the motion, he cannot object on error, that the notice was for a judgment at the preceding term of the court, and that no action, by continuance or otherwise, was then had upon it.

2. An admission by the sheriff, after the expiration of his term of office, that he had collected the money upon an execution, is not evidence of the fact against his sureties.

3. It is not necessary that the plaintiff should proceed at the next term after demand made of the sheriff, to entitle him to recover of the sureties, five per cent. per month from the time of the demand.

Error to the County Court of Tuscaloosa.

MOTION by the bank, against the plaintiffs in error, sureties of Daniel Chandler, sheriff of Perry county, for the amount of an execution collected by him, and five per cent. per month, from the time of making demand of payment. The notice was, that a motion for judgment would be made at the December term, 1846, of the county court of Tuscaloosa. It does not appear from the record that any action was had upon the motion at that term, but at the May term, 1847, a judgment was rendered in favor of the bank, the defendant appearing by his attorney, and it does not appear that any objection was made by the defendant, to the entertaiment of the motion, at that term, by the defendant.

From a bill of exceptions, it appears, that several different executions came to the hands of the sheriff, the last of the series being levied, the 23d June, 1842, and a forthcoming bond taken and forfeited, and that the execution which issued on the forthcoming bond, was never returned by the sheriff. The only proof that the sheriff had made the money was his admission to that effect, made to an agent of the bank, who demanded the money on the 31st July, 1835.

Upon this testimony, the court rendered judgment against

the defendants, for the amount of the execution, and five per cent. per month, from the time the demand was made. The defendant now prosecutes this writ, and assigns for error—

1. The court erred in rendering judgment against the plaintiff in error, on the facts stated in the judgment entry.

2. The judgment is for too much.

3. The court erred in ruling against Evans.

4. The court erred in rendering judgment in favor of the bank, on the evidence set forth in the bill of exceptions.

PECK, for the plaintiff in error.

1. No judgment could be rendered on this notice; it was returnable to December term, and the record does not show that any action was had on it until the May term.

2. This proceeding ought to have been commenced to the first term of the court, after the demand was made.

3. There was no evidence that any execution ever issued on the forthcoming bond, or that it was received by the sheriff.

P. MARTIN, contra, insisted, that the evidence was sufficient to authorize the court to render the judgment.

That the defendants appearing by attorney, as shown in the record, cures the defect of the neglect to show on the record, that the motion was continued at the December term, 1846, and that this objection is waived.

DARGAN, J.—The first question presented by the plaintiff in error is, that no action being had on the notice, which was returnable to the December term, until May, therefore the notice was *functus officio*, and it was erroneous to render judgment thereon.

When a party gives notice, that he will move the court in a summary proceeding for judgment, at a particular term, some action must be had on the notice at the time specified in it, or the law will presume that he has abandoned his intention of proceeding on it, and he cannot afterwards move the court for judgment on such motion, and take judgment by default.

But if the cause was continued by the court, to the next

term, or to a day certain, then the plaintiff may proceed on such notice, for the law presumes the defendant to be apprised of the act of the court in continuing it.   There is no entry of continuance as shown in the record, and of course no judgment by default could be sustained.   But the defendants appeared by attorney, when the motion was made, and offered no objection to the action of the court on this notice. What is to be inferred from this?   Either that the cause was continued to the May term, by the court, of which they were apprized, or that it was continued by agreement between the plaintiff and the defendants; for at the May term the bank moves for judgment, and the defendants, then in court by attorney, appear, and interpose no objection in the court below, to the action about to be had on the notice— they cannot be heard here to say, we have been injured, or surprised, by the motion of the plaintiff on this notice, at the May term, for at the May term they appeared to the motion.

The second question tests the sufficiency of the proof, to warrant the rendition of the judgment.   The only evidence to show that the sheriff, David Chandler, ever collected the money on the execution described in the notice, is, the admission of Chandler, made to Hawn, the cashier, on the 31st July, 1845, that he had collected the money, and begged indulgence for a short time, stating he would come to Tuscaloosa and pay it.   This evidence presents the question, how far the securities of a sheriff are bound by his admissions— that as sheriff he had collected money, for which they, as his securities, are bound to account.   It may be laid down as settled law, that the admissions of a sheriff, made at the time of doing an official act, in relation to the receipt of the money on a *fi. fa.*, are to be considered as part of the *res gestae*, and are admissible as evidence to charge the securities.   See 7 Ala. Rep. 835, Bondurant v. The State Bank, 9 Ala. 484; Greenl. Ev. 219, and the cases there cited. But these authorities hold, that admissions made by a sheriff, not at the time he is doing any official act, in relation to the receipt of the money, are to be considered as declarations independent of any official act, and not admissible to

charge his securities. Testing the record by these authorities there is error; for the only evidence to show the collection of the money by Chandler, on the *fi. fa.* is the admission by Chandler, made on the 31st July, 1845, that he had collected it.

He could not at that time have been sheriff. We see from his return on the bond, the 4th July, 1842, that he could not have been sheriff on the 31st July, 1845, for he could hold his office but three years, and is then disqualified for the three next succeeding years—and admissions made after his term of office is expired, and when, of course, he could not be engaged in doing any official act, in reference to the receipt of the money, are not evidence against his securities.

This is the only error we can see in the record. It is true that the statute under which the plaintiff is proceeding, is highly penal; it gives to the plaintiff five per cent. per month on the amount of the money collected, from the time the demand is made. The plaintiff is not compelled by this statute to proceed against the securities at the next term of the court after the demand is made, and of course if not compelled by the act, he may proceed at any time, until barred by the statute of limitations.

But for the error we have pointed out, the judgment is reversed, and the cause remanded.