# Rapier *et al. v.* Louisiana Equitable Life Insurance Company.

## Action for Breach of Agent's Bond.

1. *Agency, revocation of; what amounts to.*—P. was appointed special agent of a life insurance company, giving bond with sureties, conditioned, among other things, that he should faithfully pay over all moneys, &c., as long as he continued to be agent. Subsequently, P. was appointed agent by the same company, and suit was brought against the sureties upon the bond given under the first appointment.

*Held:* The second appointment was necessarily a revocation of the first, or a concession that it had terminated; and whether the terms of the second appointment varied from the first or not, the sureties on the bond given under the first appointment, are not bound for defaults committed under the second.

2. *Plea; what sufficient.*—In such a case, a plea which sets up the first and second appointments, avers that the bond sued on was executed under the first appointment, and negatives any default during that term, is good in bar of the action, without entering into the variation of the terms of the contract.

3. *Joint obligor, promise or admission by; when not evidence against co-obligors.*—The rule has long been settled in this State, that in a suit on a contract that is joint, or joint and several, a promise or admission by one obligor, who is bound to indemnify or contribute to the others, will not bind them.

APPEAL from Circuit Court of Mobile.

Tried before Hon. JOHN ELLIOTT.

The Louisiana Equitable Life Insurance Company brought this action against Paine, Rapier and Fichet, to recover

damages for the breach of a bond executed by Paine as principal, and Rapier and Fichet as sureties, on the 18th day of December, 1869, payable to said insurance company, and conditioned as follows: "Whereas, the Louisiana Equitable Life Insurance Company has appointed the said John H. Paine an agent of the company; now, if he shall well and truly pay over to said company, or their order, what moneys he shall receive for, or belonging to them, reserving only his commissions on the same, and shall monthly, and at all other times when required, render true and full accounts to said company of all dues, moneys or property belonging to them, in his hands or subject to his control, *so long as he shall continue their agent,* then the obligation to be void, otherwise to remain in full force."

The breach alleged, was, that Paine failed to pay over about $1,400, which he had collected for plaintiff.

Paine not having been served, suit was discontinued as to him. The sureties appeared and filed several pleas, only the second of which need be noticed. They set up in this plea, that "they signed said bond as sureties only of said Paine, as special agent of plaintiff; that plaintiff had appointed said Paine to be its special agent by an instrument of writing, as follows:

"'New Orleans, Louisiana, December 18, 1869. Know all men by these presents, that John H. Paine, of Mobile, State of Alabama, is hereby duly commissioned as *special agent* of the Louisiana Equitable Life Insurance Company, with full power to do and perform all and singular the acts and functions requisite and necessary in the premises.

"'B. H. DYER, Agent for the Company.'"

That said bond "had reference to such agency of said Paine as was conferred by this instrument, and none other; that on the 20th day of January, 1871, plaintiff, without the knowledge or consent of defendants, appointed Paine to a different agency for the plaintiff, by an instrument of writing as follows:

"'New Orleans, Louisiana, January 20, 1871. Know all men by these presents, that John H. Paine, of the State of Alabama, is hereby duly commissioned as agent of the Equitable Life Insurance Company, *in and for the city of Mobile,* with full power to do and perform all and singular the acts and functions requisite and necessary in the premises. For the company,

"'H. E. ROBINS, Manager, &c.'"

[Rapier et al. v. Louisiana Equitable Life Insurance Company.]

The plea further alleges that the sureties never became such, for Paine, except under the first appointment; that by the second appointment of Paine as agent for plaintiff the obligation of the sureties on said first bond was absolved, and that the condition of said first bond had been in no manner broken up to the time when the second appointment was made.

To this plea the plaintiff replied, that, at the time of issuing the commission of the 18th of December, 1869, and, also, at the time of issuing the commission of the 20th of January, 1871, it entered into certain contracts with Paine, which the plea set out *in extenso*, and thereon averred, that "after the making of the first said contract with Paine, it never made any new contract, and never altered the first contract, except as to the commissions to be received by said Paine."

The defendants demurred to this replication on the following, among other grounds: *first*, it admits the allegations of the plea, and sets up nothing which can avoid them; *second*, the contracts set out were with Paine, and not with the defendants, and have no effect on their liability; *third*, the replication is a departure from the original cause of action, and not responsive to the plea. This demurrer was overruled.

On the trial, one Robins, agent of plaintiff, was allowed to testify that, on the first of March, 1871, he, as representative of the plaintiff, had an interview and conversation with Paine, in which the latter admitted that he was in arrears and indebted to the plaintiff some $1,900, which he, Paine, had collected on policies of insurance of plaintiff, between the 18th of December, 1869, and the 20th day of January, 1871; which 'amount Paine promised to pay, but refused, although often requested to do so. "At the time of the trial, Paine was in France." This was all the evidence introduced as to the time or amount of Paine's default. The defendants objected to this evidence, and moved to rule it out, on the ground that Paine's admissions or declarations were not admissible or competent evidence against the sureties. The court, however, overruled the objection and motion to exclude, and let in this evidence, and defendants excepted.

Overruling the demurrer to the replication, and the admission of evidence of Paine's declarations and admissions, are now assigned for error.

[Rapier et al v. Louisiana Equitable Life Insurance Company.]

C. W. RAPIER, for appellant.—The plea was good, and the replication was bad. It was a departure from the original cause of action. It, in effect, admits the plea, and then asserts a subsequent agency under which default took place, and that for this the sureties are liable. The following authorities sustain the plea and show the insufficiency of the replication: 5 Ala. 388; *Whicher v. Hall*, 5 B. & C. 269; 9 Wheaton, 680; *Pearsall v. Summersett*, 4 Taunton, 593; *Rathbone v. Warren*, 10 Johns. 537; 6 Mass. 539. The declarations or admissions of Paine were not parts of the res gestæ, and were not admissible against or binding on the sureties.—1 Greenleaf's Evidence, § 187; 13 Ala. 787; 19 Ala. 31; 32 Ala. 250.

GOLDTHWAITE & TAYLOR, *contra.*—There was no material difference between the two contracts. The first bond speaks of Paine being appointed "*the agent.*" No particular agency is specified. These two contracts were with Paine and not with the sureties, and the sureties can not ask that their contract with the company be altered on account of Paine's contract with the plaintiff. There was, however, no such material difference between the two contracts as would discharge the sureties.—*Strawbridge v. B. & O. R. R. Co.* 14 Md. 360; *Rochester Bank v. Elwood*, 21 N. Y. 88. An increase of salary, or a diminution, does not work a change in the office, or release the sureties.—*Sacramento City v. Bird*, 31 Cal. 67. In a suit of this kind, the gist of the action is the principal's default; until this is established, the surety's liability does not begin. There can then be no doubt as to the relevancy of the evidence to the issue; the only question is as to its admissibility, and that is too well settled to be now disputed.—1 Greenleaf Ev. § 171; *Whitcomb v. Whiting*, 2 Doug. 652; *Roosevelt v. Marks*, 6 Johns. 266; *Hunt v. Bridgham*, 5 Pickering 583; 11 Ala. 889; 1 Brick. Dig. § 426.

STONE, J.—We think the second appointment of Paine as agent of appellee, was, necessarily, a revocation of the first, or a concession that the first had terminated; and whether the terms of the second appointment varied from those of the first, or not, we do not think the sureties on the bond given in the first appointment are bound for defaults committed under the second.—*Moore v. Madison County*, 38 Ala. 670; *Whitworth v. Oliver*, 39 Ala. 286.

The second plea, among other things, sets up the first and

[Bryan v. Streeter & Smithers.]

second appointments, avers that the bond sued on was executed on the first appointment, and negatives any default during that term. This was a sufficient answer to the action, without inquiring into variation of the terms of the contract. · This ruling shows that many of the rulings on the pleadings were immaterial, and that the true inquiry is as to defaults in not paying over moneys received under the first appointment.

There are authorities which hold that in a suit on a contract that is joint, or joint and several, a promise or admission made by one obligor who is bound to indemnify or contribute to the others, will bind the others. Such was at one time the English rule, and such seems to be the rule in some of the States.—See authorities on the briefs of counsel. In Alabama the rule has long been settled the other way.—*Lowther v. Chappell,* 8 Ala. 353; *Myatts v. Moore and Bell,* 41 Ala. 222; *Moore v. Lesueur,* 18 Ala. 606; *Fireman's Insurance Company v. McMillan,* 29 Ala. 147, 167; *Evans v. State Bank,* 13 Ala. 787. This last case is directly in point.—See, also, 1 Greenl. Ev. § 187, directly in point.

The rulings of the Circuit Court, in several respects, were in conflict with the principles above declared.

Reversed and remanded.