(21 Misc. Rep. 627.)

EICHHOLD et al. v. TIFFANY et al.

(Supreme Court, Appellate Term. November 24, 1897.)

1. GUARANTY—IDENTITY OF PRINCIPALS.

In an action on a guaranty of payment for goods to be bought by Y. & Co., there was evidence that, in the presence of Y. and B., who had stated their purpose to form a partnership as Y. & Co., and plaintiffs, one of defendants referred to Y. and B. as the ones who wanted the goods, and suggested a guaranty to protect plaintiffs' account "with them." Plaintiffs sold first to Y. & Co., and afterwards to Y. & B. *Held* sufficient to go to the jury on the question whether Y. and B. were intended as the principals.

2. SAME—RELEASE—BURDEN OF PROOF.

In an action on a contract of guaranty, the burden is on defendants to establish their defense of a release effected by plaintiffs' alleged extension of the principal debtor's credit.

3. SAME—INSTRUCTIONS.

In an action on a guaranty, given on a sale of goods, evidence of an admission by the principal of the correctness of a statement of account was received without objection, and no evidence was given for the defense on the issue of the alleged sale and delivery. The court charged that the admission was prima facie proof of the fact in question, but that the obligation rested on plaintiffs to prove all their allegations by a fair preponderance of the evidence. *Held*, that defendant had no substantial ground for objection to the charge.

4. SAME—EVIDENCE.

Where goods are sold upon the guaranty of a third party, the circumstances may be such as to render evidence of statements by the purchasers to the seller competent as against the guarantor, as part of the res gestæ, though not made in his presence.

5. APPEAL—QUESTION NOT RAISED BELOW.

Where evidence offered is objectionable because the proper foundation has not been laid for it, but the other party fails to point out this defect, which might have been obviated by other proof, the defect is not ground for reversal.

6. SAME—WEIGHING EVIDENCE.

On appeal from an affirmance by the general term of the city court of a judgment entered on a verdict, the appellate term of the supreme court

cannot consider whether the verdict was supported by the weight of the evidence.

Appeal from city court of New York, general term.

Action by Charles Eichhold and Edward Miller against Charles L. Tiffany and another on a contract of guaranty. Plaintiffs had judgment, which was affirmed by the general term of the city court of New York (46 N. Y. Supp. 534), and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles E. Miller, for appellants.
Samuel Fleischman, for respondents.

BISCHOFF, J. The main issue in the case was as to the identity of the principals described in the guaranty under which the defendants were sought to be held liable, the instrument being framed as follows:

"New York, Apr. 15, 1897.

"In consideration of one dollar paid to us in hand, we hereby guarantee to Mess. Eichhold & Miller the payment of all goods purchased by Mes. B. C. Young & Co., St. Louis, Mo., to the extent of one thousand (1,000) dollars.

"J. A. Williams.
"C. L. Tiffany."

It appears from the evidence that the plaintiffs sold and delivered goods between April 20th and September 30th, in the first instance to "B. C. Young & Co.," but after the middle of July to "Young & Bruns"; and, since the claim in suit was based upon an indebtedness of something over $1,000 for all the goods thus sold, it became a question as to whether "B. C. Young & Co." and "Young & Bruns" were in fact identical, according to the understanding of the parties to the guaranty. So far as the merits of the case are presented by the exceptions taken to the denial of the appellants' motion for the dismissal of the complaint, it appears that the submission of the issues to the jury was not error. It was shown that, about the time when the guaranty was delivered, B. C. Young and O. F. Bruns came to the plaintiffs' place of business, and stated that they were going into partnership for the purpose of selling hats in St. Louis, under the firm name of B. C. Young & Co.; that the defendant Williams then came in and said to the plaintiff Eichhold, in the presence of both Young and Bruns, "The boys say they can use your line of goods in that market, and that they wish to establish a credit." Williams told Eichhold at the time "to write out a guaranty and that Charles L. Tiffany and he would sign it for whatever amount was sufficient to protect our account with them." Here was sufficient evidence to support a finding by the jury that Young and Bruns were intended as the principals in the guaranty, as given, and the motion for dismissal of the complaint upon the ground that some of the goods had been delivered to "Young & Bruns," instead of to "B. C. Young & Co.," was properly denied. Moreover, it appeared from the account of the dealings between the parties in question that there was a substantial balance due to the plaintiffs for goods billed to "B. C. Young & Co." in accordance with the express terms

of the guaranty, and, in this aspect, there was an apparent right of recovery.

The motion for dismissal proceeded upon the further ground that the plaintiffs had extended the time of the principals' credit, it being contended that the uncontradicted evidence showed the fact of such extension. The evidence upon the point is found in the testimony of Young, taken upon commission, that the credit was extended "for several months, by verbal agreement between Mr. Bruns and Mr. Eichhold." To contradict this, the plaintiff Eichhold was called as a witness, and testified: "In the summer of 1887 I had a conversation with Mr. Bruns or Mr. Young in reference to their indebtedness to us. Nothing was said then about giving them further time." It is true that this was not a direct contradiction of the existence of an agreement which might have been made at some other interview, but the burden of proving the fact of the extension of credit was upon the defendants, and, so far as the evidence shows, Young's testimony was not to an agreement of which he knew, but only to one of which he had heard. In view of the inconclusive nature of this testimony, its value as proof was to be determined by the jury rather than by the court, and they could properly take into consideration the defendants' failure to show, by cross-examination of Eichhold or otherwise, the fact that there had been an interview, touching the question of extending the credit, at some time other than that testified to by Eichhold in his denial of the fact that an extension was then given. Our inquiry has not to do with the weight of the evidence, but only with regard to whether or not there was evidence sufficient to take the case to the jury (Kraus v. J. H. Mohlman Co., 18 Misc. Rep. 430, 42 N. Y. Supp. 23); and here, it appears, there was no ground for the dismissal of the complaint, as contended.

The appellants claim, further, that error was committed in the admission of evidence of statements made by Young and Bruns to the plaintiffs, prior to the time when the guaranty was given, to the effect that they were to constitute the firm of B. C. Young & Co.; these statements having been made in the absence of the defendants. While prior to the giving of the guaranty, the statements were made in the course of the selection of goods by Young and Bruns at the plaintiffs' place of business, in full and expressed contemplation of the guaranty being furnished as a basis for their dealings. The evidence shows that this selection of goods took place in the month of April, and the guaranty was delivered on the 15th of that month. Therefore such interval of time as there was could not have been great, and, at all events, nothing intervened to affect the nature of these earlier acts as a part of one complete transaction, to which the defendants' obligations extended. We think that the statements in question were properly admitted as a part of the res gestæ, and so competent as against the defendants. Fox v. Parker, 44 Barb. 541, 547; Oppenheim v. Waterbury, 86 Hun, 122, 33 N. Y. Supp. 183; Bank v. Myles, 73 N. Y. 335.

Error is also assigned to the admission of the testimony of the plaintiff Miller that Young had stated to him, while this action was

pending, that the firm of B. C. Young & Co. consisted of himself and Bruns. If offered as a declaration of the fact, this evidence was incompetent, since the statement testified to was made at a time when the whole transaction under the guaranty had been concluded, and Young's admissions could in no manner affect the defendants after that time, but the evidence was admitted for the limited purpose of contradicting Young's testimony, as taken by commission, that Bruns was not a member of the firm. It is true that the proper foundation for this evidence was not laid, in that Young had not been asked, so far as appears, whether he had made such a statement to Miller in the manner and at the time and place specified by the latter (Meyer v. Campbell, 1 Misc. Rep. 283, 20 N. Y. Supp. 705); but the objection to the question, as made, failed to point out this defect, which might otherwise have been obviated by proof at the trial, and a reversal of the judgment cannot be asked, therefore, upon this ground (Mead v. Shea, 92 N. Y. 122, 127). It may be that the necessary foundation for this question was contained in the deposition of Young, since it does not appear that the whole of such deposition was read in evidence at the trial, and, if it was not to be thus furnished, we cannot say that the respondents would have failed to obtain the required proof had their attention been called to the point, or, in the absence of an opportunity to obtain it, have withdrawn the question.

The remaining exception relied upon has to do with the propriety of an instruction given to the jury. A portion of the proof given by the plaintiffs to support the sale and delivery of goods to "B. C. Young & Co." or to "Young & Bruns" was found in a statement of account between these parties as buyers and sellers, which account was in evidence, supported by Young's admission of its correctness. In the course of the charge the following language was used by the court:

"A surety is not bound by the statement of a principal. If you procure a party to become your guarantor or surety, the mere admission that you are indebted to the seller of goods in so much money would not bind the guarantor for such, but such evidence goes to make up what is called a prima facie case for the seller. He may rest upon that admission, and the burden then is upon the guarantor to show that the admission is not true."

The appellants' position is that the admission of the principal was of no value, as proof against the suretv, and that the charge was in this respect erroneous; the contention being based upon the rule which is stated in Greenleaf on Evidence (volume 1, § 187) thus:

"The surety is considered as bound only for the actual conduct of the party, and not for whatever he might say he had done, and therefore is entitled to proof of his conduct by original evidence, when it can be had, excluding all declarations of the principal made subsequent to the acts to which they relate."

This rule, to obtain, was to be invoked when the evidence of Young's admission was offered; but that evidence was in fact received without objection, and was, accordingly, to be considered together with the other proof in the case. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. As received in the case, the evidence was prima facie proof of the fact in question, and the jury were quite

authorized to accept that proof as sufficient, in the absence of any controversion of it by the defendants. Had any evidence whatever been given for the defense, upon the issue of the alleged sale and delivery of the goods, it might be said that prejudice would have resulted to the defendants (appellants) from this instruction, since then the jury might have been led to give no effect to such evidence unless it was found to outweigh the plaintiffs' proof on the subject; but the defendants did not attempt to meet the plaintiffs' case in this aspect, and the jury were further instructed, without objection, that no such proof had been given. We think it may fairly be said, therefore, that the appellants had no substantial ground for objection to that part of the charge which we have noted, and, as a whole, the charge most fully set forth the obligation which rested upon the plaintiffs to prove all their allegations by the fair preponderance of the evidence. The recovery appears to be meritorious, and we find no ground for disturbing it.

Judgment affirmed, with costs. All concur.