WIEDER v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Term.  January 7, 1904.)

1. FIDELITY INSURANCE—"EMBEZZLEMENT OR LARCENY"—DECLARATIONS OF EMPLOYE—ADMISSION IN EVIDENCE—ERROR.

In an action on a fidelity insurance policy, indemnifying an employer against loss by reason of the fraud or dishonesty of an employé amounting to "embezzlement or larceny," the declarations of the employé, made after the alleged embezzlement, are not binding on the insurer.

2. SAME—PROOFS OF LOSS—CONDITION PRECEDENT.

By the terms of a fidelity insurance policy, indemnifying an employer against loss by reason of the fraud of an employé amounting to embezzlement or larceny, it was a condition precedent that the insurer "shall be entitled to call for, at the employer's expense, such reasonable particulars and proofs of the correctness of such claim as may be required" by the officers of the insurer. Request was made by the proper officers "for the names of customers from which the employé had collected money, also all the dates when such money was collected by the employé and not turned in, and also when the employer first discovered the shortage." Held, that the employer is not entitled to recover on the policy in the absence of allegation and proof of waiver or excuse for nonperformance of the condition.

3. SAME — CHECK ON EMPLOYE — VERIFICATION OF ACCOUNTS — CONDITIONS PRECEDENT.

A fidelity insurance policy, indemnifying an employer against loss by reason of the fraud of an employé amounting to embezzlement or larceny, provided that it was entered into on the condition that the business of the employer "shall be continued to be conducted in accordance with certain statements in writing" which the employer had delivered to the insurer relative to the duties of, and check to be used on, the employé, and that the statements and answers therein contained constituted the basis of the policy. One of the statements so made was to the effect that the employé's cash, securities, and stock would be compared and verified with his accounts and vouchers twice a week. Held, that the failure of the employer to comply with the stipulations precluded a recovery on the policy.

Appeal from City Court of New York, Trial Term.

Action by Fanny Wieder against the Union Surety & Guaranty Company.  From an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Van Schaick & Norton (Wilson B. Brice, of counsel), for appellant. Lewkowitz & Schaap, for respondent.

GREENBAUM, J.  This action was brought upon defendant's bond indemnifying the plaintiff "against loss by reason of the fraud or dishonesty of one Harry Cohen amounting to embezzlement or larceny."  The plaintiff sought to establish the liability of the defendant by testifying to a conversation had with Harry Cohen, the employé (the principal in the bond), some time after the alleged embezzlement had taken place.  Objection was taken to the admission of this testimony upon the ground that any statements or declarations made by the employé under the circumstances would not be binding upon the defendant.  The rule seems to be well settled that a party

holding an indemnity cannot prove the loss sustained by him, for which he seeks to hold the surety liable, by the mere admissions or statements of the principal. "The declarations of the principal made during the transaction of the business for which the surety is bound, so as to become part of the res gestæ, are competent evidence against the surety; but his declarations subsequently made are not competent." Hatch v. Elkins, 65 N. Y. 496; Greenleaf on Evidence (3d Ed.) § 187; Tenth National Bank v. Darragh, 1 Hun, 111. The only evidence of Cohen's embezzlement of the money or goods of the plaintiff and of the statement of the account between the plaintiff and Cohen is found in the alleged admission or declaration made by Cohen to plaintiff's manager. If this testimony is stricken out, there is no proof whatever as to the amount of goods or money, which it is claimed Cohen converted to his own use, and therefore no basis for any recovery against the defendant. The declaration as to which plaintiff's manager testified were not, in any sense, a part of the res gestæ of the transactions out of which the alleged embezzlement arose, and an objection to this testimony was well taken, and the motion to strike out should have been granted.

There are other grounds also which entitle the defendant to a reversal of the judgment. Defendant's bond contained a provision that the defendant "shall be entitled to call for, at the employer's expense, such reasonable particulars and proofs of the correctness of such claim as may be required by the officers of the company." A request had been made by the defendant for the names of customers from which the said Harry Cohen had collected money; also all the dates when such money was collected by him and not turned in; and also when the plaintiff first discovered the shortage. No attention appears to have been given to this demand, and the only explanation tendered at the trial for the failure to comply with the request of the defendant was that the plaintiff was not in a position to furnish the information sought. By the terms of the bond the condition just referred to was made a condition precedent to the right on the part of the plaintiff to recover thereunder, and it is well settled that, unless a party who is seeking to hold another liable under such a bond either performs the condition, or else alleges and proves either a waiver or a state of facts which tend to relieve him from the obligations flowing from such condition, no recovery can be had. There is no allegation in the plaintiff's complaint of any waiver or of any excuse for nonperformance of the condition, nor was any attempt made until the trial of the case to tender any explanation to the defendant for a failure to reply to its proper request for the information to which it was entitled under the bond of indemnity. The bond also provided that it was entered into "on the condition that the business of the employer shall be continued to be conducted in accordance "with certain statements in writing which plaintiff had delivered to the company relative to the duties of, and check to be used upon, the employé," and which statement and the answers therein contained were by the terms of the instrument constituted the basis of the bond. One of these statements so made was to the effect that "Cohen's cash, securities, and stock," etc., will be compared and veri-

fied with his accounts and vouchers "twice a week." The testimony shows that the practice of the plaintiff was to intrust the principal, Cohen, with a lot of cigars and other merchandise, which he was authorized to sell for cash, the proceeds to be turned over to the plaintiff. The uncontradicted proof is that the said Cohen came to the plaintiff's place of business whenever he pleased; that he was not required to send an account of his statement of sales at any particular time, and that as a matter of fact there was no attempt to compare and verify the account or to examine the stock with which the said Cohen was intrusted "twice a week," and, indeed, there is no evidence that a comparison and examination of the stock with the accounts were ever made. It is well settled that parties to a contract have the right to insert any lawful statement and conditions that they may mutually agree upon, and which may be deemed necessary to protect their interests. The courts may not arbitrarily disregard such conditions when unmistakably and deliberately entered into between the parties. Dwight v. Germania Life Ins. Co., 103 N. Y. 341, 8 N. E. 654, 57 Am. Rep. 729. The failure on the part of the plaintiff to comply with the stipulation to compare and verify the accounts of the said Harry Cohen constituted such a nonperformance of a condition precedent required by the bond as to preclude any recovery on her part thereunder.

For the reasons above set forth, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.