FANNY WIEDER, Respondent, *v.* THE UNION SURETY & GUARANTY CO., Appellant.

(Supreme Court, Appellate Term, January, 1904.)

Indemnity — Declarations of the principal inadmissible against the surety unless part of the res gestæ — Conditions of a bond indemnifying an employer against embezzlement by her clerk.

Declarations of the principal, if made during the transaction of the business for which the surety is bound so as to become part of the *res gestæ*, are admissible in evidence against the surety, but declarations of the principal subsequently made are inadmissible.

Where the indemnitee, an employer indemnified against em-

bezzlement by her clerk, does not on request comply with a condition precedent of the surety's bond entitling it "to call for, at the employer's expense, such reasonable particulars and proofs of the correctness of such claim as may be required by the officers of the company", the indemnitee cannot recover against the surety upon the bond.

Where she fails to comply with a condition precedent of the bond by which she agrees that her clerk's cash, securities and stock will be compared by her and verified with his accounts and vouchers twice a week, she cannot recover against the surety upon the bond.

APPEAL by the defendant from an order entered in the City Court of the city of New York upon the verdict of a jury directed by the court in favor of the plaintiff, and from an order denying a motion for a new trial.

Van Schaick & Norton (Wilson B. Brice, of counsel), for appellant.

Lewkowitz & Schapp, for respondent.

GREENBAUM, J.   This action was brought upon the defendant's bond indemnifying the plaintiff " against loss by reason of the fraud or dishonesty of one Harry Cohen, amounting to embezzlement or larceny."

The plaintiff sought to establish the liability of the defendant by testifying to a conversation had with Harry Cohen, the employee (the principal in the bond), sometime after the alleged embezzlement had taken place.   Objection was taken to the admission of this testimony upon the ground that any statements or declarations made by the employee under the circumstances would not be binding upon the defendant.

The rule seems to be well settled that a party holding an indemnity cannot prove the loss sustained by him, for which he seeks to hold the surety liable, by the mere admissions or statements of the principal.

" The declarations of the principal made during the transaction of the business for which the surety is bound, so as to become part of the *res gestæ*, are competent evidence against the surety; but his declarations subsequently made

are not competent." Hatch v. Elkins, 65 N. Y. 496; Green:.
.Ev. (3d ed.), § 187; Tenth National Bank v. Darragh, 1
Hun, 111. The only evidence of Cohen's embezzlement of
the money or goods of the plaintiff and of the statement
of the account between the plaintiff and Cohen is found
in the alleged admission or declaration made by Cohen to
plaintiff's manager. If this testimony is stricken out there
is no proof whatever as to the amount of goods or money
which, it is claimed, Cohen converted to his own use, and,
therefore, no basis for any recovery against the defendant.
The declarations as to which plaintiff's manager testified
were not, in any sense, a part of the *res gestæ* of the trans-
actions out, of which the alleged embezzlement arose, and
an objection to this testimony was well taken, and the
motion to strike out should have been granted.

There are other grounds also which entitle the defendant
to a reversal of the judgment.

The defendant's bond contained a provision that the de-
fendant "shall be entitled to call for, at the employer's ex-
pense, such reasonable particulars and proofs of the
correctness of such claim as may be required by the officers
of the company." A request had been made by the de-
fendant for the names of customers from whom the said
Harry Cohen had collected money; also all the dates when
such money was collected by him and not turned in; and
also, when the plaintiff first discovered the shortage. No
attention appears to have been given to this demand, and
the only explanation tendered at the trial for the failure
to comply with the request of the defendant was that the
plaintiff was not in a position to furnish the information
sought. By the terms of the bond the condition just re-
ferred to was made a condition precedent to the right on
the part of the plaintiff to recover thereunder, and it is well
settled that unless a party who is seeking to hold another liable
under such a bond either performs the condition or else
alleges and proves either a waiver or a state of facts which
tends to relieve him from the obligations flowing from such
condition, no recovery can be had. There is no allegation
in the plaintiff's complaint of any waiver or of any excuse

for nonperformance of the condition, nor was any attempt made until the trial of the case to tender any explanation to the defendant for a failure to reply to its proper request for the information to which it was entitled under the bond of indemnity.

The bond also provided that it was entered into " on the condition that the business of the employer shall be continued to be conducted in accordance with certain statements in writing, which plaintiff had delivered to the company relative to the duties of and check to be used upon the employee," and which statement and the answers therein contained were by the terms of the instrument constituted the basis of the bond. One of these statements so made was to the effect that " Cohen's cash, securities and stock, etc.," will be compared and verified with his accounts and vouchers " twice a week." The testimony shows that the practice of the plaintiff was to intrust the principal, Cohen, with a lot of cigars and other merchandise which he was authorized to sell for cash, the proceeds to be turned over to the plaintiff. The uncontradicted proof is that the said Cohen came to the plaintiff's place of business whenever he pleased; that he was not required to send an account of his statement of sales at any particular time, and that, as a matter of fact, there was no attempt to compare and verify the account or to examine the stock with which the said Cohen was intrusted " twice a week," and, indeed, there is no evidence that a comparison and examination of the stock with the accounts were ever made. It is well settled that parties to a contract have the right to insert any lawful statement and conditions that they may mutually agree upon, and which may be deemed necessary to protect their interests. The courts may not arbitrarily disregard such conditions when unmistakably and deliberately entered into between the parties. Dwight v. Germania Life Ins. Co., 103 N. Y. 346. The failure on the part of the plaintiff to comply with the stipulation to compare and verify the accounts of the said Harry Cohen constituted such a nonperformance of a condition precedent required by the bond as to preclude any recovery on her part thereunder.

For the reason above set forth the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., and GILDERSLEEVE, J., concur.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.