# W. T. Rawleigh Medical Co. *v.* Tarpley, *et al.*

## *Assumpsit.*

(Decided May 14, 1912. 59 South. 512.)

1. *Venue; Co-defendants; Action Against Principal and Surety.*—A principal and his sureties are directly and equally bound and they may be sued jointly in the county of the residence of the principal although the sureties are non-residents.

2. *Same; Principal and Guarantor.*—A guarantor is liable only collaterally, and cannot, as a general rule, be joined in the same suit with the principal in the county of the principal's residence if the guarantor be a non-resident.

3. *Principal and Surety; Nature of Contract.*—A contract reciting that the parties signing agree jointly and severally for a specific consideration to be responsible for the payment of any balance due by the principal, and that in consideration of further credit to the buyer, they will guarantee it jointly and severally, waiving acceptance and notice and agreeing that any extension of time shall not release them from liability under the guarantee, constitutes the signers guarantors only, and not sureties, and their liability must be determined by the law of guaranty.

4. *Same; Distinction Between Guaranty and Suretyship.*—A surety is ordinarily bound with his principal with the same instrument, exe-

[W. T. Rawleigh Medical Co. v. Tarpley, et al.]

cuted at the same time and on the same consideration rendering him an original debtor, and his liability immediate and direct; a guarantor is one who undertakes by a separate contract to pay a debt if the debtor cannot or does not, and the contract or guarantee is usually entered into before or after that of the principal and is often founded on a separate consideration from that supporting the original contract.

APPEAL from Lee County Law and Equity Court.

Heard before Hon. LUM DUKE.

Action by the W. T. Rawleigh Medical Company against W. L. Tarpley and others, on a contract of guaranty. Judgment for defendants and plaintiffs appeal. Affirmed.

BARNES & DENSON, for appellant. The distinction between a contract of suretyship and one of guaranty is stated in *Saint v. Wheeler & Wilson*, 95 Ala. 363, and 32 Cyc. 20. The law regards the essence of contracts rather than the form, and even though the word "guaranty" should appear, still the contract may be one of suretyship.—Authorities supra, and 15 Pa. 45; 32 Ind. App. 287; 12 Tex. C. App. 327; 24 Ind. 632; 32 Cyc. 42; Same, 54. On these authorities, it is insisted that the court was in error in sustaining the pleas in abatement.

O. S. LEWIS, and J. E. HENRY, for appellee. If the contract is one of suretyship, the court erred; if one of guaranty, there is no error. The distinction between the two is clearly state in *Saint v. Wheeler & Wilson*, 95 Ala. 371, and under the distinction there drawn, the contract was one of guaranty, and the court properly so held.—20 Cyc. 1397-8; *Doughitt v. Hudson*, 4 Ala. 110; *Oxford Bank v. Hayne*, 25 Mass. 423. Counsel criticize the cases cited by appellant, and insist that they are without application, and in this connection cite.—4 Words & Phrases; 2 N. Y. 533; 115 U. S. 524; *Walker v. Forbes*, 25 Ala. 139, and authorities supra.

PELHAM, J.—Suit was brought in the trial court by the appellant against W. L. Tarpley, Peter Preer, W. T. Laslie, and W. E. Huddleston. Tarpley resides in Lee county, within the jurisdiction of the court, and a summons was duly served upon him, and branch summonses issued to Macon county to each of the other defendants, the place of residence of these defendants, and were served upon them there. The defendants Preer, Huddleston, and Laslie, who reside out of the jurisdiction of the court in Macon county, pleaded in abatement, alleging that they could not be sued in said court because not jointly liable with the defendant, Tarpley, on the contract, the foundation of the plaintiff's cause of action; that Tarpley did not join in the contract on which they are sued, and setting up that they were each resident citizens of Macon county, Ala.

The allegations of the complaint show that Tarpley on January 12, 1909, entered into a written agreement or contract with the plaintiff medical company whereby he agreed and bound himself to purchase and pay for certain goods. This contract was not signed by the other defendants, but only by Tarpley. The same paper, however, containing the contract signed by Tarpley, contained the following printed obligation signed by the other defendants:

"For and in consideration of the sum of one dollar to us in hand paid, the receipt whereof is hereby acknowledged, and the extension of further time on account of goods previously sold to the above mentioned person, we the undersigned, agree jointly and severally, to be responsible for the payment of any balance due said W. T. Rawleigh Medical Company on account from him as shown by its books at date of acceptance of this contract and in consideraton of the said W. T. Rawleigh Medical Company extending him further credit, we here-

[W. T. Rawleigh Medical Co. v. Tarpley, et al.]

by guarantee to it, jointly and severally, the honest and faithful performance of the said contract by him, waiving acceptance and all notice, and agree that any extension of time or change of territory shall not release us from liability under this guaranty.

"Responsible men sign below in ink and indelible pencil.

| (Names) | (Occupations) | (P. O. Address) |
|---|---|---|
| W. E. Huddleston, | Sheriff, | Tuskegee, Alabama. |
| Peter Preer, | Cotton factor, | Tuskegee, Alabama. |
| W. T. Laslie, | Merchant, | Tuskegee, Alabama. |

"The above guarantors are entitled upon request, at any time, to a statement of salesman's account.

"To insure prompt consideration of contract, names, occupations and full addresses must appear plainly in above spaces."

The court below held the pleas in abatement filed by the defendants Preer, Huddleston, and Laslie going to the jurisdiction of the court to be good as against the motions to strike, and demurrers of the plaintiff, and that ruling of the court raises the one question presented for determination on this appeal and that is whether the contract sued on is one of guaranty or one of suretyship.

"The principal and surety, being directly and equally bound, may be sued jointly in the same suit, while the guarantor, being bound by a sparate contract and only collaterally liable, cannot usually be joined in the same suit with the principal."—1 Brandt on Suretyship & Guaranty (3d Ed.) § 2, and authorities cited in note 17. The guarantor of an open account cannot be sued jointly with his principal in the county in which the debtor resides and where he does not reside.—*Sims v. Clarke*, 91 Ga. 308, 18 S. E. 158. If, then, the defendants are guarantors, the pleas in abatement set up mat-

ters going to the jurisdiction of the trial court that are properly pleaded, and, if these defendants are sureties, they cannot be heard to set up these matters and things as going to the court's jurisdiction to them as parties defendant with Tarpley.

The distinction or difference between surety and guarantor is treated and clearly denied in *Saint v. Wheeler & Wilson Mfg. Co.*, 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210. It is there said that the essential substantive distinction seems to lie in this: "That when the sponsors for another assume a primary and direct liability, whether condition or not in the sense of being immediate or postponed till some subsequent occurrence, to the creditor, they are sureties; but when this responsibility is secondary and collateral to that of the principal, they are guarantors. Or, as otherwise stated, if they undertake to pay money, or do any other act, in the event their principal fails therein, they are sureties; but if they assume the performance only in the event the principal is unable to perform, they are guarantors. Or, yet another and more concise statement, a surety is one who undertakes to pay if the debtor do not; a guarantor, if the debtor cannot; the first is sponsor, absolutely and directly, for the principal's acts, the latter only for the principal's ability to do the act. The one is the insurer of the debt, the other the insurer of the solvency of the debtor.' * * * The contract of suretyship is the joint and several contract of the principal and surety. 'The contract of the guarantor is his own separate undertaking, in which the principal does not join.' "

Mr. Brandt, in his treatise on the Law of Suretyship & Guaranty (3d Ed.) vol. 1, §2, says: "The words surety and guarantor are often used indiscriminately as synonymous terms; but while a surety and a guarantor have this in common, that they are both bound for an-

other person, yet there are points of difference between them which should be carefully noted. A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to know every default of his principal. Usually the surety will not be discharged, either by the mere indulgence of the creditor to the principal, or by want of notice of the default of the principal, no matter how much he may be injured thereby. On the other hand, the contract of the guarantor is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal, and is often founded on a separate consideration from that supporting the contract of the principal."

The distinction between surety and guarantor is drawn in Stearn's Law of Suretyship as follows: "A surety undertakes to pay the debt of another. A guarantor undertakes to pay if the principal debtor does not or cannot. A surety joins in the contract of the principal, and becomes an original party with the principal. The guarantor does not join in the contract of his principal but engages in an independent undertaking. A surety promises to do the same thing which the principal undertakes; the guarantor promises that the principal will perform his agreement and if he does not, then he, the guarantor, will do it for him. The liability of the surety is immediate and direct. He agrees that he will perform the principal contract, fixing upon himself the responsibility from the beginning. If, however, the promise is that the principal will pay or that the debt is collectible, or that the principal is solvent, then the liability is not immediate, and does not fix upon the promisor a liability from the beginning, but only upon

default or failure of the principal to do what it is agreed he shall do. In such a case the promisor is a guarantor. Both the surety and guarantor agree to pay the debt of another, but the liability to pay in the case of the surety starts with the agreement, whereas the liability of the guarantor does not start with the agreement, except as a contingent liability, and is established for the first time by the default."—Stearn's Law of Suretyship, § 6, pp. 5, 6. See, also, Baylies on Sureties & Guarantors, § 1, pp. 2, 3, 4.

It is clear from a consideration of the above authorities that the liability of the defendants Preer, Laslie, and Huddleston is that of guarantors and not as sureties. The language used in the evidently carefully drawn contract signed by these defendants makes use of the the words "guaranty" and "guarantor," and not "suretyship" and "surety," in referring to the obligation assumed by them, and the responsibility undertaken would seem to be secondary and collateral to that of the principal and to be contingent upon default being made by Tarpley. The contract of Preer, Laslie, and Huddleston is not a joint and several contract with Tarpley, but a a separate undertaking of their own, in which the principal (Tarpley) did not join, and was for a performance of the principal's contract in case he could not perform. The original contract of the principal was not the contract of Preer, Laslie, and Huddleston; they were not original promisors of that contract, but guarantors of the contract made by the principal in a separate undertaking expressing a different consideration in which the principal did not join.

It is still further persuasive of the fact that the obligation signed by Preer, Laslie, and Huddleston is one of guaranty, that it contained a waiver of acceptance and notice, when this would be entirely unnecessary if the

contract was one of surety, when the obligors would be originally bound, without acceptance, in all respects the same as the principal.—*Saint v. Wheeler & W. Mfg. Co., supra.*

The court below committed no error in holding the pleas in abatement sufficient, and the case will be affirmed.

Affirmed.