(78 South. 310)

W. T. RAWLEIGH MEDICAL CO. v. HOOKS et al. (8 Div. 477.)

(Court of Appeals of Alabama. Feb. 26, 1918.)

1. EVIDENCE ⬤471(1)—STRIKING OUT—CONCLUSION OF WITNESS—DEPOSITION.

Parts of deposition, purporting to be testimony from the personal knowledge of the witness, but shown by answers to cross-interrogatories to be not so based, but to be mere conclusions, are rightly excluded on proper motion.

2. EVIDENCE ⬤250 — ADMISSION BY PRINCIPAL—COMPETENCY AGAINST GUARANTOR.

Admission of indebtedness made by the principal, apparently after he was considered by the creditor to have breached his contract, and notified that no further shipments would be made to him thereunder, is res inter alios acta, and incompetent against the guarantor, sued on his independent collateral obligation.

3. APPEAL AND ERROR ⬤1040(14) — HARMLESS ERROR—RULINGS ON PLEADING.

Any error in overruling demurrers to special pleas was harmless; no evidence to sustain them being offered.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by the W. T. Rawleigh Medical Company against Hayes Hooks and another on an independent or collateral agreement by which they severally and jointly agreed, and guaranteed plaintiff the honest and faithful performance of a contract entered into between plaintiff and one Boyd, for the purchase of certain goods, wares, and merchandise. Judgment for defendants, and plaintiff appeals. Affirmed.

Andrews & Peach, of Sheffield, and C. E. Jordan, of Florence, for appellant. Williams & Roberts, of Florence, for appellees.

BRICKEN, J. [1] The only evidence offered by the plaintiff was that embodied in

the deposition of the witness Jackson, and the exhibits thereto. It appears from the record that objections were duly filed to the interrogatories, before the deposition was taken, and objections were interposed when the deposition responsive to the direct interrogatories was offered in evidence by the plaintiff; the objections then being overruled. Thereupon the defendant offered the answers to the cross-interrogatories, and these answers clearly show that much of the testimony of the witness given in response to the direct interrogatories, while it appears on its face to be given from the personal knowledge of the witness, was in fact based upon matters not within the personal knowledge of the witness, constituting his statements mere conclusions. On motion of the defendant pointing out specifically certain parts of such testimony, those parts were excluded, and properly so. Davis v. Arnold, 143 Ala. 228, 39 South. 141.

[2] The court, among other things, excluded Exhibit C to the deposition of this witness, which consists of a statement made by Boyd, the principal, whose indebtedness was guaranteed by the defendants in the contract of guaranty upon which this suit is based, in words as follows:

"I have carefully examined the above semiannual statement, and hereby acknowledge an indebtedness to you on July 1st, 1913, of a balance of $680.12 as above stated"—this admission being signed by Boyd.

There was no evidence offered showing when this admission was made, whether before or after this suit was filed; but the evidence of the witness Jackson shows it was made by Boyd after the plaintiff considered the contract breached by Boyd, and had notified him that no further shipment of goods would be made to him under the contract. Where the suit is against the surety alone, whatever the rule may be elsewhere, it is well settled in this state that admissions of the principal as to his liability not of the res gestæ of the transaction under investigation, but relating to past transactions, are res inter alios acta, and are not competent evidence against the surety. Rapier et al. v. Louisiana Equitable Life Ins. Co., 57 Ala. 100; Lowther v. Chappell, 8 Ala. 353, 47 Am. Dec. 364; Myatts v. Moore & Bell, 41 Ala. 222; Moore v. Leseur, 18 Ala. 606; Firemen's Ins. Co. v. McMillan, 29 Ala. 147, 167; Evans v. State Bank, 13 Ala. 787; 1 Greenl. on Evidence, § 187; 6 Ency. Ev. 298, C; Weider v. Union Surety & Guaranty Co., 42 Misc. Rep. 499, 86 N. Y. Supp. 105; Hatch v. Elkins, 65 N. Y. 489; Eichhold v. Tiffany, 21 Misc. Rep. 627, 48 N. Y. Supp. 70; Hopkins v. Richardson, 9 Grat. (Va.) 485; 2 Brandt, Suretyship & Guaranty, § 794; 1 R. C. L. 482, § 18. If such is the rule in an action against the surety, where the liability is joint as well as several, there is more reason for its application where the action is against a guarantor on an independent collateral obligation. Saint v. Wheeler & Wilson Mfg. Co., 95 Ala. 362, 10 South. 539, 36 Am. St. Rep. 210; Rawleigh Medical Co. v. Tarpley, 5 Ala. App. 412, 59 South. 512; Watkins Med. Co. v. Lovelady et al., 186 Ala. 414, 65 South. 52.

[3] After the exclusion of this admission and the objectionable portions of the deposition, there was no evidence showing that the principal, Boyd, was indebted to the plaintiffs, and the trial court correctly gave the affirmative charge requested by the defendants. There was no evidence offered by the defendant to sustain the special pleas to which demurrers were interposed and overruled, and these pleas in no way influenced the disposition of the case against the appellant. It is not necessary to pass upon the merits of the pleas in this case.

Affirmed.