GRAVES et al. v. ÆTNA INS. CO. OF HARTFORD, CONN.
(4 Div. 286.)

(Supreme Court of Alabama. Nov. 11, 1926.)

1. Pleading ⬅139—In action on the common counts, where pleadings were in short by consent, with leave to give in evidence matter required to be specially pleaded, defendants were entitled to show amount due from plaintiff without pleading set-off (Code 1923, §§ 10172, 10176, 10180).

In insurance company's action on the common counts against agent and his sureties, where pleadings were in short by consent, with leave to give in evidence matter required to be specially pleaded, defendants, under Code 1923, §§ 10172, 10176, and 10180, were entitled to show amount due them from plaintiff when suit was brought, though there was no plea of set-off.

2. Pleading ⬅425—Service of copy of plea of set-off or counterclaim may be waived.

Plaintiff may waive service of copy of plea of set-off or counterclaim.

3. Evidence ⬅250—Admissions of indebtedness by principal after being declared in default held not binding on surety.

In action against agent of insurance company and his sureties, admissions of indebtedness by agent after plaintiff had declared him in default held incompetent as against his surety, and such as should have been limited to agent only.

4. Evidence ⬅250—Question of termination of agency held material to defense of sureties as affecting competency of admissions of indebtedness by agent.

In action against agent of insurance company and his sureties, question whether agency was terminated and agent's commission revoked held material to defense of sureties, inasmuch as it affected competency of admissions by agent.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by the Aetna Insurance Company of Hartford, Conn., against W. P. Graves, J. Harvey Wiggins, and W. W. Sexton. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals, under Code, 1923, § 7326. Reversed and remanded.

The complaint contains the common counts—account, account stated, and money had and received—and a special count declaring upon the breach of a bond made by Graves, as principal, and Wiggins and Sexton, as sureties, payable to plaintiff, and conditioned upon the faithful performance by Graves of specified duties as agent of the plaintiff. It is alleged in this count that the conditions of the bond have broken in that the principal, Graves, collected certain moneys and has failed to pay same over to the plaintiff.

On the trial, defendants offered to show that plaintiff was indebted to Graves at the time of the commencement of the suit. To this plaintiff objected upon the ground that there was no plea of set-off. The trial court sustained the objection.

The witness Lamar, special agent for plaintiff, testified over objection of defendants that he had gone over the account with Graves and that Graves said it was correct, but he could not pay it at that time.

A. Whaley, of Andalusia, for appellants.

Defendants should have been permitted to show the amount due by plaintiff to Graves at the time suit was filed. No notice of set-off was required. Code 1923, §§ 10172, 10176,

10180, 10181; Stull v. Daniel M. & S. Co., 207 Ala. 544, 93 So. 583. Evidence of admissions made by Graves, not in the presence of the other defendants, was not admissible. W. T. Rawleigh Medical Co. v. Hooks, 16 Ala. App. 394, 78 So. 310; Armstrong v. Holley, 29 Ala. 305; Dennis v. Chapman, 19 Ala. 29, 54 Am. Dec. 186; Evans v. State Bank, 13 Ala. 787.

W. W. Sanders, of Elba, for appellee.

The fact that the pleadings were in short by consent would not authorize proof of a set-off or recoupment. Code 1923, § 10181. Graves' declarations, though made in the absence of his sureties, were admissible as evidence; no bad faith being shown or ·charged. Camp v. Dill, 27 Ala. 553; Evans v. Keeland, 9 Ala. 42; 22 C. J. 405.

THOMAS, J. The pleadings were in short by consent, with the usual leave to give in evidence matter required to be specially pleaded.

[1] The defendants had the right to show the amount due by plaintiff to them at the time suit was brought. Code, §§ 10172, 10180.

"A comaker or surety sued jointly or alone may, with the consent of his comaker or principal, avail himself, by way of set-off, of a debt or liquidated demand due from the plaintiff at the commencement of the suit to such comaker or principal." Section 10176, Code of 1923.

[2] The plaintiff's evidence tended to refute such issue of indebtedness to defendant. A plaintiff may waive the fact that he was not served with a copy of the plea of set-off or counterclaim. Stull v. Daniel Machine Co., 207 Ala. 544, 93 So. 583; Dickson v. Alabama Machinery & Supply Co., 18 Ala. App. 164, 89 So. 843; Ashby Brick Co. v. Ely & Walker Dry Goods Co., 151 Ala. 272, 44 So. 96.

[3] Admissions of indebtedness were res inter alias acta, if made by the principal after he was declared by the company in default as to contract provisions and the agency practically terminated by the principal. Such admissions against interest were incompetent and did not bind the surety as guarantor. W. T. Rawleigh Medical Co. v. Hooks, 16 Ala. App. 394, 78 So. 310; Rapier ·v. Louisiana Equitable Life Insurance Co., 57 Ala. 100; Myatts & Moore v. Bell, 41 Ala. 222; Dennis & Strickland v. Chapman, 19 Ala. 29, 54 Am. Dec. 186; Armstrong v. Holley, 29 Ala. 305; Fireman's Insurance Co. v. McMillan, 29 Ala. 147; Moore v. Leseur, 18 Ala. 606; Evans .v. State Bank, 13 Ala. 787; Lowther v. Chappell, 8 Ala. 353, 42 Am. Dec. 364.

[4] This is to say the admissions of Graves should have been limited as to him, as it was not binding on the sureties. The question of whether or not there was termination of the agency and the taking up or revoking of Graves' commission or authority as agent was material to the defense of the sureties. .Reversed and remanded.

SOMERVILLE, MILLER, and BOULDIN, JJ., concur.